## J. F. JONES *v.* SOUTHERN EXPRESS CO.

[61 South. 165.]

1. COURTS. *United States Supreme Court. Decisions. Conclusiveness. Carriers. Interstate shipments. Limitation of liability. Validity.*

Interstate shipments are governed by the laws of congress, as .construed by the Supreme court of the United States and in such case a decision by that court is binding upon the state courts.

2. CARRIERS. *Freight. Limitation of liability. Validity.*

A contract for an interstate shipment of an express package limiting the liability of the company to a fixed amount, when made in consideration of a lower rate than would have been charged if the valuation had been higher, is valid and binding on the parties.

APPEAL from the circuit court of Warren county.

HON. H. C. MOUNGER, Judge.

Suit by J. F. Jones against the Southern Express Company. From a judgment for defendant, plaintiff appeals. The facts are fully stated in the opinion of the court.

*Brunini & Hirsch,* for appellant.

The lower court based its decision on *Express Company* v. *Stevenson,* 89 Miss. 233. We submit that that case has no application to the case at bar. The facts distinguish the two cases. There the express company had no notice of the apparent value of the shipment; here it had.

*Express Company* v. *Seide,* 67 Miss. 609, is on allfours with the case at bar, and sustains the liability of the appellee for the full value of the shipment of appellant.

We therefore confidently submit that this should be reversed and remanded.

*Robert C. Alston* and *McLaurin, Armistead & Brien,* for appellee.

Appellee has contented himself by citing to this court, without any attempt at argument, two cases, viz., *Express Co.* v. *Seide,* 67 Miss. 609 and *Express Co.* v. *Stephenson,* 89 Miss. 233; and because of the fact that the *Seide case,* 67 Miss., is apparently on his side of this question and the *Stephenson case,* 89 Miss., is apparently against him, he asks this court to ignore the decision in the Stephenson case, which is a more recent decision insofar as that is concerned, and adhere to the rule laid down in the *case of Seide,* 67 Miss., regardless of the Stephenson case. We do not think that this court will do anything of the kind unless it intends to overrule the *Stephenson case* in 89 Miss.

The contract under consideration in the *Stephenson case,* 89 Miss. 233, was identical with the contract in question. In the opinion in that case we find the following language in the first clause. "Mr. Stevenson did not fix the value at the time he made the shipment, and, this being the case, he cannot recover over and above the sum of fifty dollars. By express contract it is stated that the amount the express company shall be liable for in the event of loss or damage, when no value is given, shall not exceed the sum of fifty dollars. This regulation is reasonable and valid. When articles of great value are to be shipped by the express company it is but just and right that it should be informed in order that it may take such precaution to secure the safe delivery of the articles as the values it is dealing with warrant. A party who takes advantage of the cheapest rate and fails to give proper notice, can have no cause to complain in case the goods should be lost, that he is deprived of his right to recover all above the amount limited in the contract of shipment."

This is the exact proposition that we are contending for here and we contend further, that this decision of the supreme court of this state, the last announcement from our supreme court on this question, in the first place is in

harmony with a vast number of other decisions from the
Supreme Court of the United States, of various circuit
courts of appeal, of the Federal court, and many of the
other state courts. We, of course, understand that in the
broad sense of the word a common carrier cannot contract
against its own negligence and this was the doctrine an-
nounced in the *Seide case,* 67 Miss. 609, which is relied on
by appellant; also in the *Rothenberg case,* 87 Miss. 659,
and numerous other cases in this state; but we contend
that the contract in question is not a contract against neg-
ligence but that when a shipper gets the benefit of a lower
rate by an undervaluation he is estopped from claiming
more than the amount he paid on, fifty dollars in this case,
in the event the package is lost, even if it be lost by rea-
son of the negligence of the common carrier. This is the
doctrine laid down at great length and elaborately dis-
cussed in the case of *Hart* v. *Pennsylvania Railroad,* 112
U. S. 331. This is the leading case in the United States, it
seems, on this question, and by reference to Rose's Notes,
vol. 10, p. 896, this court, if it desires to pursue the invest-
igation further, will find a vast number of cases cited
there wherein the Hart case, as we understand it, has
been cited and upheld.

See also, in this connection the case of *McFarland* v.
*Adams,* 137 Fed. 892; also *Blackwell* v. *Southern Pacific
Railroad,* 184 Fed. 489; also and particularly the case of
*Pierce* v. *Wells Fargo Express Co.,* 189 Fed. 561. In this
case the *Hart case,* 112 U. S. 331, is quoted from liberally,
and on page 563 as taken from the Hart case we find this
statement.

"The limitation as to value has no tendency to exempt
from liability for negligence. It does not induce want of
care; it exacts from the carrier the measure of care due
to the value agreed on. The carrier is bound to respond
in that value for negligence. The compensation for car-
riage is based on that value. The shipper is estopped
from saying that the value is greater. The articles have

no greater value, for the purposes of the contract of transportation between the parties to that contract. The carrier must respond for negligence up to that value. It is just and reasonable that such a contract fairly entered into, and where there is no deceit practiced on the shipper, should be upheld. There is no violation of public policy. On the contrary, it would be unjust and unreasonable, and would be repugnant to the soundest principles of fair dealing and of the freedom of contracting, and thus in conflict with the public policy, if a shipper should be allowed to reap the benefit of the contract if there is no loss, and to repudiate it in case of loss.''

Again, in the *Pierce case,* 189 Fed. 566, we quote from the opinion of the court as follows: ''Unquestionably the law makes a distinction between agreed valuations and mere limitations, and sustains the former. When shipper and carrier make a fair valuation of property offered for transportation with a rate of freight based thereon, a contract releasing the carrier from liability beyond the agreed amount will be sustained. Such agreements permit an adjustment of rate to liability and protect the carrier from fanciful and extravagant valuations. In the case of articles of doubtful or uncertain value, every presumption should be in favor of the valuation agreed upon. But the principle should not, in my opinion, be extended further. It is only because such agreements present a meeting of the minds of the parties as to the fair value of the property, as distinguished from an arbitrary limitation of liability, that they escape condemnation by those considerations of public policy which we have noticed.''

The decision of our own supreme court in the *Stevenson case,* 89 Miss. 237, is based squarely on the principle announced in the Hart case and which has, we believe, been uniformly upheld, although the Hart case is not cited as an authority, and doubtless Mr. Justice MAYES had this opinion in mind when he wrote the opinion in the Stephenson case.

It will be interesting to note, also, that in the brief for appellee in the *Stevenson case,* 89 Miss. 236, not only the Seide case relied on by appellant here, but many other cases of similar import were cited and pressed upon the court. It is fair to assume, therefore, that this court intended exactly what it said in this, its last, announcement of the law on this subject. For this reason we feel absolutely confident that this case ought to be affirmed.

COOK, J., delivered the opinion of the court.

Appellant shipped a basket of laundry from Vicksburg, Miss., to Rayville, La., which was lost, and he sued the express company for the value of the container and contents, which was proved to be one hundred and sixty-four dollars and eighty five cents. At the close of the evidence the trial court instructed the jury that plaintiff could not recover more than fifty dollars. The jury returned a verdict for fifty dollars, and plaintiff appeals, insisting here that he was entitled to recover the value as above stated.
- The receipt, or bill of lading, contained a clause limiting the value of the package shipped to fifty dollars, and provided that, in consideration of the rates charged, it was agreed that, in case of loss, no greater sum than this could be recovered.

It will be observed that the shipment was interstate, and it is therefore to be governed by the laws of Congress, as construed by the Supreme Court of the United States. The Supreme Court of the United States has recently handed down two opinions, in both of which the contract before us was construed. In *Adams Express Co. v. E. H. Croninger,* 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed.—, decided January 6, 1913, and in *Chicago, Burlington & Quincy Railroad Co.* v. *H. Fred Miller,* 226 U. S. 513, 33 Sup. Ct. 155, 57 L. Ed.—, decided on the same day, the Supreme Court held that a shipper under a contract like the one here could recover no more than the agreed value written in the contract. The court construed what is com-

monly known as the "Carmack Amendment" (Act June 29, 1906, ch. 3591, sec. 7, 34 Stat. 595 [U. S. Comp. St. Supp. 1911, p. 1307]) to the Interstate Commerce Act (Act Feb. 4, 1887, ch. 104, sec. 20, 24 Stat. 386 [U. S. Comp. St. 1901, p. 3169]), holding that in interstate shipments the act was exclusive to all state statutes or policies, and that the decisions of that court were the supreme law in reference to contracts of similar import to this one.

*Affirmed.*