## BURDEN OF PROOF WHERE CARRIER CLAIMS IMMUNITY FOR LOSS.

Court of Common Pleas of Hamilton County.

HELEN S. WALLS v. THE ADAMS EXPRESS COMPANY.

Decided, July 25, 1916.

*Animals Injured in Transit—Burden of Proof Where the Carrier is Charged With Negligence—But Claims Immunity Through a Release Incorporated in the Bill of Lading*

1. Under a stipulation in a bill of lading of an interstate shipment whereby the shipper releases and discharges the carrier from all liability for delay, injuries to or loss of animals shipped, from any cause whatever, unless such delay, injury or loss shall be caused by the negligence of the agents or employees of the carrier, the burden of proving that a loss or damage to the animals carried was caused by the negligence of the agents or employees of the carrier is upon the plaintiff under the provisions of the Interstate Commerce Act.

2. All questions concerning liability on interstate shipments must be determined by a uniform rule of the federal law and not by the varying rules of the several states.

*Charles W. Baker, Jr.*, for plaintiff in error.
*Maxwell & Ramsey* and *Robert A. Taft*, contra.

GEOGHEGAN, J.

Error to the municipal court of Cincinnati.

The plaintiff in error brought her suit in the municipal court of Cincinnati against the defendant in error for $150 in damages for negligence in the carriage of three dogs from Camp Dennison, in the state of Ohio, to Pine Point, in the state of Maine. Plaintiff proved that the dogs were delivered to the Adams Express Company in good condition; that they were carried to Pine Point, Maine, and thereupon were returned to Camp Dennison, Ohio; that upon being offered to plaintiff in error they were found to be afflicted with mange and appeared to be in an emaciated or starving condition; that the value of the dogs was $25 each. She thereupon rested her case.

The defendant offered no testimony, and the case being submitted without the intervention of a jury, the court below entered up a verdict for the defendant.

Error is prosecuted to this court, and the only question presented is whether or not the plaintiff, under such proof, made out a *prima facie* case, which, in the absence of proof to the contrary, would entitle her to a judgment. If the rule in Ohio were to be applied there is little doubt but that under the proof a judgment should have been rendered in her favor. The rule in Ohio undoubtedly is that where a common carrier claims immunity for the loss of goods with which he has been entrusted, on the ground that such immunity is secured by a special agreement, the burden is on him to prove that the loss was occasioned without his fault. *Express Co.* v. *Graham*, 26 Ohio St., 595; *Gaines* v. *Transportation Co.*, 28 Ohio St., 418; *Express Co.* v. *Backman*, 28 Ohio St., 144; *Graham* v. *Davis*, 4 Ohio St., 362; *Davis* v. *Graham*, 2 Ohio St., 131. But as this shipment was concededly an interstate shipment, the question arises as to whether or not the Carmack amendment to the Hepburn act, generally referred to as the Interstate Commerce act, makes a change in this rule, in so far as a shipment of this character is concerned.

The bill of lading under which the property herein was shipped contains the following stipulation:

"Shipper hereby releases and discharges the express company from all liability for delay, injuries to, or loss of said animals from any cause whatever, unless such delay, injury or loss shall be caused by the negligence of the agents or employes of the express company, and in such event the express company shall be liable only to the extent of the actual damages, which shall in no event exceed the valuation herein declared by the shipper."

The United States Supreme Court has declared that under the Interstate Commerce act, all questions concerning liability on interstate shipments must be determined by a uniform rule of the federal law and not by the varying rules of the several states. *Adams Express Co.* v. *Croninger*, 226 U. S., 491; *Railroad Co.* v. *Miller*, 226 U. S., 513.

In *Adams Express Company* v. *Croninger, supra,* it is said in the syllabus:

"In enacting the Carmack amendment, it is evident that Congress intended to adopt a uniform rule as to the liability imposed upon interstate carriers by state regulations and bills of lading, and to relieve such contracts from the diverse regulation to which they had theretofore been subject."

And at page 505, Mr. Justice Lurton, speaking for the court, says:

"That the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt that Congress intended to take possession of the subject and supersede all state regulation with reference to it. Only the silence of Congress authorized the exercise of the police power of the state upon the subject of such contracts. But when Congress acted in such a way as to manifest a purpose to exercise its conceded authority, the regulating power of the state ceased to exist." *Northern Pacific Ry.* v. *State of Washington,* 222 U. S., 370; *Southern Ry.* v. *Reid,* 222 U. S., 424; *Mondou* v. *R. R.,* 223 U. S., 1.

Therefore, the question as to whether, under the state of the evidence in this record, taking into consideration the stipulation in the bill of lading above referred to, the burden of going forward with the proof in order to rebut or countervail the *prima facie* case made out under the law of the state of Ohio, rested upon the express company, is to be determined by the rule of the federal courts, and that rule, I take it, has been handed down in the case of *Cau* v. *Texas & Pacific Ry.*, 194 U. S., 427, where it is held that, while the burden may be upon the carrier to show that the damage complained of resulted from the excepted cause contained in the bill of lading, after that has been shown, the burden is upon the plaintiff to show that it occurred by the carrier's own negligence, from which it could not be exempted, and in support of this rule the Supreme Court cited *Clarke* v. *Barnwell*, 12 Howard, 272, and *Transportation Co.* v. *Downer*, 11 Wallace, 129. And in a recent case decided by the Supreme Court of the United States, on April 10, 1916, the court took occasion in an action involving an interstate shipment, to express substantially the same rule, having before it for consideration the Interstate Commerce act. The case is styled *Southern Ry. Co.* v. *Prescott*, 240 U. S., 632, in which case the Supreme Court of the United States reversed the Supreme Court of South Carolina for holding that where a loss occurs by fire the burden is upon the carrier, acting as warehouseman, to show that it was without negligence, the Supreme Court of the United States holding that:

"Under a stipulation in a bill of lading of an interstate shipment that the carrier shall be liable as warehouseman only, for goods after arrival at destination and not removed within a specified time the carrier is liable for negligence, and if the loss admittedly occurs by fire the burden is on the plaintiff to prove negligence, notwithstanding the rule may be different under the state law."

In that case it was shown that under the terms of the bill of lading the carrier was not to be liable for property not removed by the party entitled to receive it within forty-eight hours after

notice of its arrival, but that after said time it might be kept subject to reasonable charge for storage and to carrier's responsibility as warehouseman only.

The state courts decided that inasmuch as the property had not been removed within forty-eight hours, the carrier was merely a warehouseman, and that under the South Carolina rule, the property being destroyed by fire, the burden of showing that there was no negligence causing the fire was on the railroad company. But the Supreme Court of the United States decided that the Interstate Commerce act covered not only the mere transportation, but the services in connection with the receipt, delivery, etc., and that the service as a warehouseman was covered by the act, and that, therefore, the rule of the federal courts as to the liability of the warehouseman should have been applied, which rule is that a warehouseman is not liable for fire unless it is shown that it was caused by some negligence on the part of himself or his servents, and the court cites numerous authorities in support of the latter proposition.

In view of these rulings of the Supreme Court, it would seem that the question involved herein should be decided in accordance with the rule of the federal courts, and that the doctrine laid down in *Cau* v. *Railway Co., supra,* and the cases therein cited, are determinative of this case. Therefore, the court is of the opinion that the municipal court did not err in giving judgment for the defendant, and the judgment will be affirmed.