JONES BROTHERS, Respondents, v. QUINCY,
OMAHA & KANSAS CITY RAILROAD COM-
PANY, Appellant.

Kansas City Court of Appeals, April 2, 1906.

1. **COMMON CARRIERS: Loss in Shipment: Notice of.** The ob-
ject of giving notice of loss in shipment is to afford the carrier
timely opportunity for investigation; but if the carrier learns
of the loss and proceeds to investigate, the necessity for the
notice is dispensed with: and the court should make a reason-
able, and not a strict application of the provisions requiring
notice, especially where an injustice would be done a shipper.

2. ———: ———: ———: **Unreasonable Requirement.** The provis-
ion in the contract requiring notice of loss to be given a gen-
eral officer is unreasonable, especially where the adjusting
agent gets immediate notice and investigates.

3. ———: ———: ———: **Evidence: Waiver.** Evidence of a
conversation between the adjusting agent and the shipper is
incompetent to prove the loss, but it may be admissible to
establish a waiver of notice.

4. ———: ———: **Negligence: Measure of Damages: Recovery:
Contract.** Where stock is injured in shipment by the negli-
gence of the carrier the provision of the contract limiting the
recovery to a given sum per head is not applicable, since the
carrier cannot contract against his own negligence, and there
is no evidence of consideration for such provision in the rec-
ord.

Appeal from Sullivan Circuit Court,—*Hon. John P. But-
ler,* Judge.

AFFIRMED.

*J. G. Trimble* and *Wilson & Clapp* for appellant.

(1.) The contract being made by reason of the reduced rate given plaintiffs is valid. Rogan v. Railway, 51 Mo. App. 665; Wyrick v. Railway, 74 Mo. App. 406; Bowring v. Railway, 90 Mo. App. 324; McFadden v. Railway, 92 Mo. 343; Live Stock Co. v. Railway, 100 Mo. App. 688. (2) The giving of the notice required by the contract is a prerequisite to the right of recovery. McBeath v. Railway, 20 Mo. App. 445; Leonard v. Railway, 54 Mo. App. 302; Commission Co. v. Railway, 80 Mo. App. 164; Stock Co. v. Railway, supra. And it was error to refuse defendant's instruction numbered 1, in the nature of a demurrer to the evidence. (3) No notice was given to any one until after all the cattle (but two) had been removed from Reger. This was in direct violation of the contract which provided that notice must be given before the stock was removed. (4) There was no proof that the general claim agent was a general officer of the company; and the burden of proving that fact under the pleadings rested upon the plaintiffs. Sec. 1038, R. S. 1899. (5) The action of the court in permitting plaintiff's attorneys to question the plaintiff in regard to the compromise was highly prejudicial to the defendant. It was error in the court to permit it.

*Wattenbarger & Bingham* for respondents.

(1) There is no evidence in this case, which shows that the rate paid by plaintiffs for transportation of the car load of cattle in question was a special or reduced rate. Kellerman v. Railroad, 136 Mo. 178; Levering v. Trans. Co., 42 Mo. 88; Richardson v. Railroad, 149 Mo. 311; Conover v. Express Co., 40 Mo. App. 31; Rogan v. Railroad, 57 Mo. App. 550; Vaughn v. Railroad, 78 Mo. App. 639; Rice v. Railroad, 106 Mo. App. 371. (2) The burden was on defendant to show this. A mere recital in the contract that it was a reduced rate is not sufficient. McFadden v. Railroad, 92 Mo. 343; Duvenick v.

Railway, 57 Mo. App. 555.  (3)  This reduced rate, existing only in the mind of defendant company, and unknown to plaintiffs and not stated in the contract, cannot be interposed as a defense in this case.  Mfg. Co. v. Railway, 101 Mo. App. 452; Duvenick v. Railroad, supra.  (4)  The giving of notice to the defendant railroad company in cases like the one at bar is to give the carrier an opportunity to investigate the loss so that it might know whether the claim was just or unjust. Richardson v. Railroad, 62 Mo. App. 1.  (5)  Notice was given in the letter to general claim agent Moore that the rest of the cattle were damaged.  Any talk as to accepting pay for the two dead cattle and waiving damages as to rest, was on condition that the defendant would settle at once—it was only by the way of compromise.  (6) Notice to the officers of a railroad corporation who have charge of the general claim department, and to the live stock agent sent out by the company, would certainly be notice to the railroad company.

BROADDUS, P. J.—This suit is for damages on account of injuries to a certain carload of cattle shipped by plaintiffs on defendant's railroad from Kansas City to Reger, Missouri.  It was a mixed load, consisting of twenty cows, eleven calves, and eight yearling cattle. They were in good condition at the place of shipment, but when they arrived at their destination one yearling heifer was dead in the car, one cow had a broken leg and shoulder, and others were bruised and otherwise injured. The plaintiffs recovered in the sum of $100 and defendant appealed.

The defendant, in addition to a general answer, sets up three special defenses, to-wit:  First, that the contract provided as a condition precedent to plaintiffs' right to recover damages during transportation, that notice of the claim in writing, stating the grounds therefor, must be given to some general officer of the company, or its nearest station agent, or to the agent at the

station of delivery, before the stock is removed therefrom, and within five days after their delivery, and that such notice could only be waived in writing by a general officer; and that the required notice had not been given, nor had it been waived.

Second, that the contract provided that the company should not be liable for injury to stock because of their being wild, unruly, weak or maiming each other, or from overloading, and that there was no negligence on the part of the company while handling the cattle, but that they became injured through being weak, tired and crowded in the car.

Third, that the contract provided that if there was any loss or damage, for which the company was liable, the recovery could not exceed twenty dollars for any one animal.

On the day of delivery of the cattle at Reger, plaintiff wrote to L. F. Moore, the general claim agent of the company at Kansas City, Missouri, that one of the cow's legs was broken and that she was worthless, one heifer killed, dead in the car, and the rest of the cattle bruised up considerably. Afterwards, on the same day, plaintiffs telephoned to the dispatcher's office of the company at Milan, Missouri, in reference to their cattle, whereupon H. H. Sparks, live stock agent of defendant, went to Reger, saw the dead heifer, directed her to be buried, and ordered the section foreman to kill the crippled cow. Said Sparks at the time endeavored to make a settlement with plaintiffs. The plaintiffs offered to settle their claim if it should be paid at once and, through Sparks, wrote a letter to L. F. Moore, the general claim agent of the company, about their damages, in which they offered in a settlement to waive all damages except as to the two animals killed. The contention of the defendant is that defendant did not have the notice required by contract of shipment of plaintiffs' damages.

It may be conceded that Moore, the general claim agent, was not, strictly speaking, a general officer of the

company. And, if the case is to be determined on a strict construction as to whether such notice was given, the plaintiff would not be entitled to recover. But the case does not depend alone upon the giving of written notice. That the defendant had notice, in fact, cannot be disputed. The object of the giving of notice in such cases is to afford the carrier timely opportunity to investigate an alleged loss, so that unjust claims may be thwarted. [Richardson v. Railway, 62 Mo. App. 1, and cases referred to.] If the carrier learns of the alleged loss and proceeds to investigate it, the necessity for the notice is dispensed with, as the law does not require the performance of an unnecessary act. By its act of investigating plaintiffs' loss, the defendant waived the notice provided for in the contract, notwithstanding the contract required such waiver to be made in writing by a general officer of the company. Such notices are a limitation on the carrier's common law liability, but have been upheld by the courts because they are reasonable. But it is the duty of the courts to make a reasonable and not a strict application of them where the latter would do an injustice to the shipper. As the plaintiffs' damages were investigated by defendant's stock agent, his act was that of the company. He had the dead cow buried, the wounded one killed and directed plaintiff to skin the latter and give the company credit for the value of the hide on his claim for damages, which was done.

And furthermore, we believe that the provision in the contract that required the plaintiffs to give notice to a *general officer* of the company was an unreasonable restriction upon their right to recover. We can see no good reason why a shipper under such circumstances should be required to give notice to the general manager of a railroad corporation, who would not investigate his claim but refer it to the general claim agent for that purpose. We feel constrained to say that, in our opinion, the notice given to the general claim agent Moore

was a reasonable, if not a strict, compliance with his contract.

The plaintiffs were allowed to prove what was said between themselves and Sparks, the agent, when they were making an effort to adjust the loss. To this evidence, defendant's objection was overruled, but the court admitted it on the ground that it might tend to prove waiver of notice. Evidence of that kind was not admissible to prove plaintiffs' loss, but we see no good reason why it was not competent to establish waiver, the purpose for which it was admitted. The plaintiffs were not relying on it to prove their damages and it did not tend to do so.

The defendant contends that under the said contract they were only liable for animals killed to the value of twenty dollars each. The defendant, if liable— it was on the ground of negligence alone and it is a well-established rule in this State, whatever it may be in other jurisdictions, that a common carrier cannot contract against negligence. But defendant insists that it is lawful for a consideration to so contract. But we do not find any evidence in the record going to show that the rate to be paid by the shippers was other than the usual rate; therefore, there was no consideration for the said limitation as to value. We are not to be understood as holding that a carrier may under such conditions limit his liability for negligence, but merely to hold that the question does not arise in this case.

The action of the court in giving and refusing instructions, we believe fairly put the case to the jury and in every essential particular is in harmony with this opinion. Affirmed. All concur.