CLEGG v. ST. LOUIS & S. F. R. CO.

(Circuit Court of Appeals, Eighth Circuit.   February 26, 1913.)

No. 3,857.

1. CARRIERS (§ 218*)—INJURY TO LIVE STOCK—NOTICE—CONDITION OF CLAIM.

A provision in a live stock bill of lading covering an interstate shipment that it should be a condition precedent to the recovery of any damage for delay, loss, or injury to the stock that the shipper should give notice in writing of the claim therefor to some general officer or nearest station agent of the carrier, or to the agent at destination or some general agent of the delivering line, before the stock is removed from the point of shipment or place of destination and mingled with other stock, such notification to be served within one day after the delivery of the stock at destination, and that a failure to fully comply with such provisions should be a bar to the recovery of any and all such claims, was a reasonable and valid provision, and a failure to comply therewith fatal to the shipper's claim.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. § 218.*]

2. CARRIERS (§ 218*)—INTERSTATE TRANSPORTATION—LIVE STOCK BILL OF LADING—CARRIER'S AGENT—AUTHORITY TO WAIVE PROVISIONS.

A provision of a live stock bill of lading covering an interstate shipment that no agent of the carrier had authority to waive, modify, or amend any of the provisions of the contract was valid; and hence the action of the carrier's general claim agent in merely negotiating with plaintiff for the settlement of his claim did not constitute a waiver of a provision in the bill requiring service of notice of claim on some general officer or station agent of the delivering carrier within one day after delivery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. § 218.*]

3. CARRIERS (§ 32*)—TRANSPORTATION OF LIVE STOCK—INTERSTATE SHIPMENT—AGREEMENT TO EXPEDITE TRANSPORTATION.

Where an interstate carrier had not established and published a rate for special expedition in the transportation of cattle to market, an oral agreement to expedite a shipment for which the regular established rate for ordinary transportation was charged was void as a discrimination, in violation of Elkins Act Feb. 19, 1903, c. 708, 32 Stat. 847 (U. S. Comp. St. Supp. 1911, p. 1309), and therefore unenforceable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 83–85; Dec. Dig. § 32.*]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Action by Thomas J. Clegg against the St. Louis & San Francisco Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

H. B. Martin, Charles E. Bush, and John Y. Murry, all of Tulsa, Okl., for plaintiff in error.

W. F. Evans, of St. Louis, Mo., and R. A. Kleinschmidt and J. H. Grant, both of Oklahoma City, Okl., for defendant in error.

Before SANBORN, Circuit Judge, and Wm. H. MUNGER and TRIEBER, District Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wm. H. MUNGER, District Judge. This action was brought to recover damages by reason of the delay of the defendant in delivering at the National Stockyards in the state of Illinois certain cattle shipped by the plaintiff over the railroad of defendant from the station at Drace, in the county of Noble, Okl. Plaintiff, in his petition, set forth 20 causes of action. The first cause of action alleged:

"That on the 29th day of July, 1907, at the defendant's station of Drace, in Noble county, Oklahoma Territory, the plaintiff delivered to the defendant, as a common carrier as aforesaid, and the defendant then and there received from the plaintiff, one hundred and eleven (111) head of fine fat beef cattle, of the value of fifty ($50.00) dollars per head; and the defendant thereupon agreed that it would safely, securely, and expeditiously carry and convey from said station of Drace to the National Stockyards, in the state of Illinois, said cattle, and deliver the same to the plaintiff's agents at the said National Stockyards in time to be marketed at said last-named place on the 31st day of July, 1907. All for reaosnable hire and reward to said defendant in that behalf paid and agreed to be paid by plaintiff. That the defendant by the exercise of reasonable diligence and care could have delivered said cattle to this plaintiff at the said National Stockyards on the said 31st day of July, 1907, but instead of so doing the defendant negligently delayed said shipment until the 1st day of August, 1907. That by reason of said delay in said shipment said cattle were caused to shrink. * * * .That by reason of the premises plaintiff was damaged in the sum of two hundred and twenty-two and 86/100 ($222.86) dollars."

It was stipulated by the parties that the other 19 causes of .action were similar and need not be printed in the record, but that the judg-ment, based upon the pleadings relative to the first cause of action, should govern as to the remaining 19 causes of action.

The answer of the defendant set up that the shipment was under and by virtue of a certain printed and written contract, which it set forth, and which contained, among other things, a provision that the shipment in question was under a limited liability contract accepted by plaintiff in consideration of receiving a lower rate of freight. The eleventh clause of the contract provided:

"That as a condition precedent to a recovery for any damages for delay, loss, or injury to live stock covered by this contract, the second party will give notice in writing of the claim therefor to some general officer or nearest station agent of the first party, or to the agent at destination, or some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivering of such stock at destination, to the end that such claim shall be fully and fairly investigated, and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims."

.The contract further contained the following provision:

"No agent of this company has any authority to waive, modify, or amend any of the provisions of this contract, or to agree to ship said cars by any particular train, or to reach any particular market, or furnish any particular kind of cars, or to furnish cars on any particular day, which the carrier hereby expressly declines to do."

The answer set up that the notice provided for in the contract was not given within the time required. Plaintiff, in its reply, sought to avoid these provisions of the contract, and the failure to give the no-

tice as stipulated, by pleading that one J. E. Leith, who was the general freight claim agent of the defendant, with full authority to handle, deal with, and adjust all claims against the defendant arising from the handling of live stock and freight, received notice of plaintiff's claim without objection as to the time of presentation, or the manner and form thereof, and that he negotiated with the plaintiff, both orally and in writing, on the subject of said claim; that by reason thereof the defendant waived the terms of the eleventh paragraph of said contract. A general demurrer was sustained to this reply, and judgment thereafter entered for defendant on the pleadings. Plaintiff brings the case here by writ of error.

[1, 2] We are clearly of the opinion that the eleventh provision in the contract above quoted, relative to giving notice, was a valid one, and the failure to give the notice fatal to plaintiff's right to recover. Cau v. Texas & Pac. Ry. Co., 194 U. S. 427, 24 Sup. Ct. 663, 48 L. Ed. 1053; Hart v. Penn. R. R. Co., 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717; Arthur v. Texas & Pac. Ry. Co., 139 Fed. 127, 71 C. C. A. 391; St. Louis & S. F. R. Co. v. Phillips, 17 Okl. 264, 87 Pac. 470; Railway Co. v. Kirkham, 63 Kan. 255, 65 Pac. 261. The provision in the contract that no agent of the company had any authority to waive, modify or amend any of the provisions of the contract was also a valid provision, and the action of Leith, the general freight claim agent of the defendant, in simply negotiating with the plaintiff, was not a waiver of that provision of the contract. Assurance Co. v. Building Ass'n, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213; Sullivan v. Mercantile Town Mut. Ins. Co., 20 Okl. 460, 94 Pac. 676, 129 Am. St. Rep. 761; Ry. Co. v. Kirkham, supra.

[3] The shipment in question was an interstate commerce shipment, and the parties could make no valid oral agreement with reference to expediting the shipment, unless regular rates had been established and published for special expediting, and no claim was made that any such rate had been established and published. In Chicago & Alton Ry. Co. v. Kirby, 225 U. S. 155, 32 Sup. Ct. 648, 56 L. Ed. 1033, it was held that to agree with a particular shipper to expedite a shipment at regular rates, where no rate has been published for the special expediting, was a discrimination, and as such a violation of Elkins Act Feb. 19, 1903, c. 708, 32 Stat. 847 (U. S. Comp. St. Supp. 1911, p. 1309), and that relief on such a contract would be denied; that the broad purpose of the Commerce Act, to compel the establishment of reasonable rates and uniform application, will not be defeated by sanctioning special contracts, giving special advantages to particular shippers; that to guarantee a particular connection and transportation by a particular train amounts to giving a preference, when not open to all, and provided for in the published tariffs, and under the Elkins Act is an illegal discrimination.

Such being the law, the judgment of the court below was right, and is affirmed.