ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1913.

---

(*Continued from Volume* 176)

---

GEORGE W. ASHER, Administrator of HENRY ASHER, Deceased, Respondent, v. CITY OF INDEPENDENCE and ALEXANDER G. SUTHERLAND, JR., Defendants; CITY OF INDEPENDENCE, Appellant.

Kansas City Court of Appeals, January 5, 1914.

1. NEGLIGENCE: Personal Injuries: Municipal Corporations: Electric Wires. While descending a fire escape, which had just been erected on a hotel, a minor, whose father managed the hotel, in some way touched a rung of the ladder and the gutter, which were only a few inches apart, simultaneously, with the fingers of his left hand, whereby they were badly burnt and had to be amputated. The city had allowed an electric light wire to come in contact with the ladder of the fire escape. *Held*, that the tort of the city consisted, first, of the act of placing a highly charged wire so close to the building that the dangerous and subtle force it conveyed was likely to escape and invade the property of the adjoining proprietor, and, second, in failing to exercise reasonable care to remove the danger caused by the erection of the fire escape.

177 Mo. App.]                    (1)

2. ———: ———: ———: ———. The city having placed an electric light wire in an improper place, where it might transmit its deadly force to adjacent property, the city was negligent in the construction of the line, and was not entitled to notice either actual or constructive that such negligence had become dangerous, though it required the exercise by an adjoining owner of a proprietary right to make it dangerous.

3. ———: ———: ———: **Joint Tort-feasors.** Joint tort-feasors are jointly and severally liable for the damages caused by other concurrent tortious acts and none is entitled to complain if he is singled out and made to bear the entire burden.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED.

*Allen Southern* for appellant.

(1) The petition failed to state a cause of action against this defendant and the objection to this introduction of testimony should have been sustained. It shows on its face that the proximate cause of the injury complained of was not the act of this defendant. It failed to allege that the city had a reasonable time after notice and prior to the injury to remedy the conditions. Barnes v. St. Joe, 151 Mo. App. 528; Ballard v. Kansas City, 126 Mo. App. 543; Cummings v. Ice Co., 150 Mo. 27, 28; Glenn v. Railroad, 150 S. W. 195. (2) Under the allegations of the petition the failure of defendant, if any, to construct its line properly should not be regarded as direct cause of the injuries, and plaintiff's right to recover must rest on other negligence of defendant. Brubaker v. Light Co., 130 Mo. App. 449. (3) It is not negligence not to take precautionary measures to prevent an injury, which, if taken, would have prevented it, when the injuries could not reasonably have been anticipated and would not, unless under exceptional circumstances, have happened. Nephler v. Woodward, 200 Mo. 179; Brewing Ass'n v. Talbot, 141 Mo. 683, 200 Mo. 179; Stanley

v. Union Depot Co., 114 Mo. 624; Brubaker v. Light Co., 130 Mo. App. 439; Foley v. McMahon, 144 Mo. App. 444.

*J. D. Shewalter* and *Olney Burrus* for respondent, Asher, Administrator.

*McCune, Harding, Brown & Murphy* for respondent Sutherland.

JOHNSON, J.—Plaintiff, a minor, sued by next friend to recover damages for personal injuries he alleged were caused by negligence of defendants, the city of Independence, Carrie M. Lowe and Alexander Sutherland, Jr. During the trial he dismissed Carrie M. Lowe from the action and at the conclusion of the evidence the court gave a peremptory instruction asked by Sutherland and refused to give a like instruction asked by the city. The jury returned a verdict for plaintiff against the city and for the defendant Sutherland. The city appealed. Young Asher attained his majority in 1912, but after the appeal was taken he became civilly dead and the action was continued by the adminstrator of his estate.

The injury occurred January 25, 1910. Asher climbed to the top of a fire escape on a hotel in Independence, managed by his father, to get what proved to be a hammer a workman had left on the roof in a position where its handle could be seen from below and was observed by Asher from his bedroom window. A metal rung of the ladder was only an inch or two from the metallic roof gutter and when he started to descend, in some way, he touched the rung and the gutter simultaneously with the fingers of his left hand. A wire belonging to the electric light plant owned and operated by the city was in contact with the metallic ladder and in bridging the space between the rung and the gutter the fingers of Asher's left

hand made a short circuit for the current carried by the wire. The result was a severe burn that subsequently necessitated the amputation of three fingers. Asher testified: "Q. State when you got out there, whether or not you reached up for anything? A. I reached up for a hammer. Q. What did you do with the hammer? A. Put it in my pocket. Q. Now, when was it, if at all, you were struck—at what instant? A. Well, I reached back down to get hold of the round and took hold of the tin gutter and the round, too, and that's when I got shocked and burned my fingers. Q. See any blaze? A. Yes, sir. Q. Describe it, as near as you can, to the jury. A. It was a blue blaze.

"By the Court: Where was it? A. Between the tin gutter and my fingers and the rod."

A boy introduced as a witness by plaintiff testified that coming from school he stopped to watch young Asher go up the fire escape and that when Asher seized the rung of the ladder nearest the gutter he saw a flash of fire, heard Asher scream for help, and then saw him scramble down to the third floor window through which he disappeared into the hotel.

Sutherland, a contractor, built the fire escape under contract with Mrs. Lowe, the owner of the hotel, who was moved to have it built by a notice she received from a State hotel inspector. Some three or four days before the injury Sutherland had completed the work, which consumed three or four days, and had turned the structure over to Mrs. Lowe who accepted and paid for it. The escape was built at the rear end of the building and when completed, either touched, or came within eight or ten inches of touching, the electric light wire we have mentioned. Some of the evidence is to the effect that the wire was in contact with the escape at that time, while other evidence tends to show that there was a clear space of eight or ten inches between the wire and the struc-

ture and that the contact was caused by the subsequent leaning towards the building of one of the poles on which the wire was carried. The pole line was in the alley at the rear of the hotel and there is evidence tending to show that the poles were so far apart as to permit the wind to sway the wire aganst the fire escape. Counsel for the city says in his brief: "The facts are shown further to be that. the fire escape was constructed through the agency of Mrs. Lowe, the owner of the building, George W. Asher, the proprietor of the hotel, Mrs. Lowe's brother, the hardware man, this defendant Sutherland and an inspector for the State of Missouri, and that defendant city had no connection with any of the parties, nor any transactions with any of them, and had no knowledge that there was being constructed a fire escape at the place in question, the time elapsing from the completion of the fire escape to the time of the alleged injuries being less than three days." The hotel was in the heart of the city near the offices of various departments of the city government. The chief of the fire department introduced as a witness by plaintiff testified that two or three days before the injury his attention was called to the dangerous proximity of the wire to the ladder and he immediately notified the person in charge of the electric light office of the city and afterward notified a lineman employed by the city who was at work in the vicinity. The petiton alleges that the city "negligently and carelessly permitted the same (fire escape) to be so erected, and as hereafter alleged, with great negligence and carelessness so maintained, its wires in contact with the said structure, after the said defendant city had notice thereof, or by the exercise of reasonable diligence, could have. ascertained the fact."

The principal questions presented for our determination by the defendant city are those arising from its demurrer to the evidence which it is insisted should

have been given. It is argued that the allegations of the petition, as well as the evidence most favorable to plaintiff, show first, that the city was not negligent in the original construction of the electric light line, nor in failing to remove the wire to a greater and safer distance from the fire escape and, second, that the negligence of the owner of the hotel and her contractor in building the fire escape in a manner to bring it into contact with the wire was the proximate cause of the injury.

We regard as unimportant the controversy over the fact of whether the fire escape, when completed, was in actual contact with the wire or eight or ten inches from it. In either case the two were in such close proximity that there was constant danger of an escape of the current by the wire to the building, and it was in the highest degree negligent for such a condition to be created and suffered to continue. The fire escape did not extend below the second story and, therefore, could not become a part of a short circuit for the current carried by the wire until connected with the metal gutter by a good conductor. To leave it in practical contact with the wire and so close to the gutter that the ordinary use of the ladder was likely to cause a short circuit was reprehensible in the extreme, since it could not have failed to result in serious disaster had a fire in the hotel compelled its occupants and firemen to use the ladder. But the fire escape was a lawful structure built by the owner on her own property in a proper place. Her negligence and that of her contractor consisted not in putting the structure in a place where it would be dangerously close to the electric light wire, but in putting it there without notifying the city of such purpose, an act made necessary by the duty the builders owed to those who might subsequently use the fire escape and be subjected to great danger if the wire were not removed to a place of safety.

The tort of the city consisted, first, of the act of placing a highly charged wire so close to the building that the dangerous and subtle force it conveyed was likely to escape and invade the property of the adjoining proprietor and, second, in failing to exercise reasonable care to remove the danger caused by the erection of the fire escape.

We agree with defendant that in the operation of a public utility for profit, the city was not acting in its governmental capacity, but was subject to the same rules and duties as would have governed and devolved upon a private corporation engaged in such business. It had no power to prevent Mrs. Lowe from building a fire escape at the rear of the hotel in obedience to the State laws and when it built the pole line in the alley, was bound to anticipate such use as one of the lawful uses she might make of her property. The city had no right to string a deadly wire so close to the building and then count on its owner either abstaining from the free exercise of a lawful property right or giving notice of a purpose to exercise such right. Having placed the wire in an improper place, i. e., where it might transmit its deadly force to adjacent property, the city was negligent in the construction of the line and was not entitled to notice either actual or constructive that such negligence had become dangerous, though it required the exercise by an adjoining owner of a proprietary right to make it dangerous.

Such negligence cannot be regarded otherwise than as a proximate cause of the injury and the most that can be said in favor of the city as to its relationship to the owner and contractor in the production of the injury is that all were negligent and their negligent acts concurred and together constituted the proximate cause. The doctrine of concurrent negligence is firmly rooted in the jurisprudence of this State. [Harrison v. Kansas City, 195 Mo. l. c. 622;

Newcomb v. Railway, 169 Mo. 409.] Joint tort-feasors are jointly and severally liable for the damages caused by their concurrent tortious acts and none is entitled to complain if he is singled out and made to bear the entire burden. Therefore, no error was committed against defendant city in the dismissal of Mrs. Lowe, nor will the city be heard to complain of the action of the court in sustaining the demurrer to the evidence asked by defendant Sutherland.

In what we have said we have answered the whole argument of the city both as to its demurrer to the evidence and the rulings of the court on the instructions. The cause was tried without prejudicial error. The judgment is affirmed.

All concur.