JOE RIDDLER, J. B. WILLIAMS and W. K. HUNTER, Composing the Firm of RIDDLER, WILLIAMS & HUNTER, Respondents, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 7, 1914.

1. CARRIER OF LIVE STOCK: Negligent Delay: Evidence. Proof of a delay of nearly double the usual time required for a shipment is proof of a failure to transport within a reasonable time, and, under Sec. 3121, R. S. 1909, as amended by Laws of Mo. 1913, page 177, makes out a prima-facie case of negligent delay.

2. ————: ————: Notice to Carrier: Loss from Shrinkage and Decline in Market. A clause in a shipping contract requiring, as a condition precedent to the recovery for any loss, that the shipper must give notice in writing of the claim therefor within a certain time does not apply to loss on account of a decline in market but does apply to loss from shrinkage caused by negligent delay.

3. ————: ————: ————: Object of Notice. The object of requiring notice is to afford the carrier timely opportunity to investigate an alleged loss so that unjust claims may be disallowed.

4. ———: ———: ———: ———: Waiver. The theory of the claim of waiver of notice is that if the carrier learns of the loss and proceeds to investigate it, the necessity of notice is dispensed with, and by such act of investigation notice is waived. But where the evidence shows that the defendant agreed to pay for the loss on account of a decline in market, to which the requirement of notice did not apply, and refused to pay for loss on account of shrinkage because no notice was given within the time required by the contract, there was no evidence of waiver. Merely referring the question of the validity of the requirement of notice to defendant's legal department, and stipulating at the trial as to the amount of loss from shrinkage, do not show waiver.

5. ———: ———: ———: Interstate Shipments. A shipment of live stock from a point in Missouri to a point in Illinois is an interstate shipment, and a contract therefor must be construed with reference to the Federal decisions without regard to the rules heretofore prevailing in this State.

6. ———: ———: ———: ———: Validity of Requirement as to Notice. These provisions, in contracts for interstate shipments, which require notice to be given the carrier within a certain time, are *held* to be regulations of, and not exemptions from, the carrier's liability, and are valid provided the time is not unreasonably short. Whether the time allowed within which notice shall be given is reasonable or not depends upon the character of the shipment, the situation of the parties, and the circumstances of each particular case. A shorter time is *held* to be valid in cases of shipment of live stock than in other kinds of freight. Under the circumstances of the shipment in the case at bar, a limit of one day is not unreasonably short.

Appeal from Morgan Circuit Court.—*Hon. J. G. Slate,* Judge.

AFFIRMED.

· C. D. Corum for appellant.

(1) The shipping contract which requires one day's notice for all claims for damage, purports on its face to be supported by a reduced rate. The courts impose upon plaintiff the burden of showing no consideration for such provision and presume in favor of a consideration. And the burden of proof is on

plaintiff to show that notice was given. Hamilton v. Railroad, 177 Mo. App. 151. (2) The one-day-notice clause in defendant's shipping contract relates to damages to the stock itself, such as shrinkage, but does not relate to damages from decline in market. Aull v. Railroad, 136 Mo. App. 291; Klass Commission Co. v. Railroad, 80 Mo. App. 169; Leonard v. Railroad, 54 Mo. App. 302.

*I. M. Schannep* and *R. M. Embry* for respondents.

(1) The object of giving notice of loss or damage to a shipment of stock is to afford the carrier timely opportunity for investigation; but if the carrier learns of the loss and proceeds to investigate, the necessity of notice is dispensed with; and the court should make a reasonable and not a strict application of the provisions requiring notice, especially where an injustice would be done to a shipper. Jones Brothers v. Railroad, 117 Mo. App. 523; Richardson v. Railroad, 62 Mo. App. 1. (2) A conversation between the adjusting agent and the shipper is properly admitted in evidence, not to prove loss but to establish a waiver of notice. Jones Brothers v. Railroad, 117 Mo. App. 523. (3) The Federal courts have held as reasonable, the notice of loss or damage clause of the shipping contracts, provided the time is not unreasonably short. Railroad v. Harriman, 227 U. S. 657.

TRIMBLE, J.—Plaintiff shipped some cattle and sheep from Versailles, Mo., to the National Stock Yards in East St. Louis, Illinois. The usual time required to transport and deliver such a shipment was from twelve to fifteen hours. The train was due to leave Versailles between 3:30 and 3:50 in the afternoon and arrive at the stockyards in Illinois between 3:30 and 6:50 the next morning. The cattle could then be easily sold on the market of that day which closed

at 2 p. m. The shipment in question did not arrive until 4:25 p. m. the next day after it started. The animals were, therefore, required to be held over until the following day's market. The damages asked were $25.91 on account of a decline in market and $37.92 for shrinkage on the stock aggregating $63.83. The case started in a justice court.

The contract of shipment provided that, as a condition precedent to the recovery for any loss, the shipper would give notice in writing of the claim therefor before such stock was removed from the place of destination or mingled with other stock, "such written notification to be served within one day after the delivery of the stock at destination to the end that such claim may be fully and fairly investigated," and further provided that a failure to comply with such provision would bar recovery.

It was an interstate shipment, being from a point in Missouri to a point in Illinois. The contract is, therefore, governed by and must be construed with reference to the Federal decisions without regard to the rules heretofore prevailing in this State. [Hamilton v. Chicago and Alton Ry., 177 Mo. App. 1. c. 151 and cases cited; Johnson Grain Co. v. Chicago, etc. Ry. Co.; 177 Mo. App. 194.] No notice of the claim was given within the time provided by the contract. The stock started in the afternoon of November 3, 1913, and should have arrived in the early morning of November 4th but did not get to their destination until late in the afternoon, and were not put on the market until next day, November 5th. Notice was not given until November 11th. The requirement of such notice has been held not to apply to loss on account of decline in market. [Leonard v. Chicago and Alton Ry. Co., 54 Mo. App. 293; Klass Com. Co. v. Wabash R. R. Co., 80 Mo. App. 164; Aull v. Missouri Pac. Ry. Co., 136 Mo. App 291.] As the failure to give notice did not affect loss from decline in market, the defend-

ant offered to settle for that, but refused to pay for loss on account of shrinkage. Plaintiff contended that the defendant had waived the requirement of notice, and insisted upon payment of the whole claim.

When the case reached the circuit court, a stipulation was entered into fixing the loss by reason of decline in market at $25.91 and the loss from shrinkage at $37.92. In this stipulation it was agreed upon plaintiff's part that the shipment was under a special live stock contract limiting the liability of the carrier, and on the part of the defendant it was admitted the shipment arrived at 4:25 p. m.. Nov. 4, 1913, too late for that day's market, and that the condition of the stock was poor and stale when they arrived. The case then went to the jury upon the question of negligent delay and whether defendant had waived the notice as to the loss from shrinkage.

The plaintiff's evidence showed that there was a delay of nearly double the usual time required for such a shipment. This was proof of a failure to transport within a reasonable time, and, under section 3121, Revised Statutes 1909, as amended by the Act of March 20, 1913, Laws of Mo., 1913, p. 177, made out a prima-facie case of negligent delay. Plaintiff, therefore, established a case as to the $25.91 lost by reason of decline in market. As to whether a case was made as to the loss from shrinkage depends upon whether or not there was evidence tending to show a waiver of the notice. The object of requiring the notice is to afford the carrier timely opportunity to investigate an alleged loss so that unjust claims may be disallowed. [Richardson v. Chicago and Alton Railroad, 62 Mo. App. 1.] The theory of plaintiff's claim that notice has been waived is that "if the carrier learns of the loss and proceeds to investigate it, the necessity for the notice is dispensed with, and by such act of investigation notice is waived." [Jones Bros. v. Quincy Omaha and Kansas City R. R. Co., 117 Mo. App. 523, l. c. 527.]

The evidence relied upon by plaintiff to establish waiver is a letter written by defendant's freight claim agent to plaintiff's agents in East St. Louis, February 7, 1914. In this letter, the freight claim agent said, "we recently corresponded in reference to this claim as regards the notice to carrier of claim to be filed within one day after delivery of the stock, and as I advised you in my letter of Dec. 31, 1913, the fifth paragraph of our live stock contract provided as a precedent for the recovery of loss or damage to live stock in transit, carriers or an officer of the carriers, must be notified of claim within one day after delivery at destination, which it is admitted in this instance was not done. As I personally advised you on my last visit to the stockyards we would place the matter before our law department for an opinion as to payment under this clause, they now advise us that the exemption clause referred to has been upheld by the Supreme Court as reasonable and is applicable to all interstate shipments, in view of which fact we are not in position to consider your claim for extra shrinkage due to delays enumerated. As regards the decline feature, desire to advise you that we are in position to offer in settlement etc." It will be noticed that there is nothing in the above letter which indicates that an investigation of the *facts* of the claim as to shrinkage had been made, nor does the letter display any intention to pay that portion of the claim or to waive the requirement of notice. The only investigation was to inquire of the legal department as to the validity of the requirement as to notice. And so far from waiving the necessity of notice, the latter emphatically declined to consider the claim for shrinkage because no notice was given. It refused to pay for that loss but "as regards the *decline* feature" offers to settle. From a letter written by plaintiff's agents it appears that on December 16th, the freight claim agent had requested them to furnish evidence that they had given

the notice required by the contract. This, plaintiff's agents said, they could not do since no notice was given within the time required. Thereupon defendant's agent referred the question of the validity of the requirement of notice to the legal department and after getting its opinion thereon, defendant's freight claim agent wrote the letter hereinabove quoted. We do not see where there was any evidence in this letter of an investigation of the *facts* of the claim as to shrinkage which would constitute a waiver. Asking for proof of such notice and the name of the agent on whom it was served, and then, after learning that none had been given, asking the legal department for an opinion as to the effect of such want of notice, and then, upon receiving that opinion, declining to pay that feature of the loss to which it applied, do not constitute a waiver. The offer of settlement was expressly limited to the loss sustained by decline in market to which the notice did not apply. While the contract is construed according to the Federal decisions; we know of none holding that the failure to give notice applies to decline in market as well as to shrinkage, and plaintiff has not cited us to any. So that the letter above quoted cannot be said to show a waiver of notice because it offers to pay for loss on account of a decline in market.

It is urged by plaintiff that the stipulation signed by the parties and offered in evidence at the trial is evidence of a waiver. There is no admission contained therein that defendant investigated the facts of the loss. If such an inference can be drawn from the stipulation it arises from the fact that it was agreed therein that the loss in shrinkage was $37.92. We do not think the stipulation can be considered evidence of waiver. Evidently it was not intended to be such in a case where it was being contended that no waiver existed. The loss from shrinkage claimed by plaintiff was so small that it was better to admit the amount

without knowing whether it was correct, or not than to compel plaintiff to bring witnesses, or take depositions, to prove the loss and thus increase the costs by a sum in excess of the amount of the claim. The stipulation was nothing more than an arbitrary valuation of the shrinkage which should be conclusive in case the notice was waived or was held not to apply.

There being, therefore, no evidence of waiver of notice, plaintiff is not entitled to recover for loss in shrinkage unless the notice is invalid upon some other ground.

It is now urged that a requirement of only one day is an unreasonably short time. These provisions in contracts of this character are held to be regulations of, and not exemptions from, the carriers liability, provided the time is not unreasonably short. [Clegg v. Railroad, 203 Fed. 971, l. c. 973; Missouri, etc. R. Co. v. Harriman, 227 U. S. 657, l. c. 672; Adams Express Co. v. Croninger, 226 U. S. 491; Bailey v. Mo. Pac. Ry. Co., 184 Mo. App. 457; Hamilton v. Chicago and Alton Railroad, 177 Mo. App. 145.] The question whether the time allowed was reasonable or not depends on the character of the shipment, the situation of the parties, and the circumstances of each particular case. A shorter time has been held to be valid in cases of the shipment of live stock than in other kinds of freight. [6 Cyc. 508.] In the case at bar the shipment was of live stock to be sold on the market immediately and then butchered. The consignees were the agents of plaintiff and saw at once that the cattle were stale and in poor condition on account of being held over. They arrived at 4:25 p. m. of one day and were sold on the next day's market which closed at two p. m. The one day limit did not expire until 4:25 p. m. of the day they were sold. As they were shipped to be converted into meat and the primary evidence of their shrunken condition would be immediately destroyed, we do not think there is anything unreasonable in requiring no-

tice to be given within twenty-four hours after their arrival. When notice of the claim was given, it was made out and presented by the consignees who, as said before, were plaintiff's agents. The notice required did not have to specify the amount and extent of the loss but only the fact that a claim would be made. Consequently, plaintiff's agents did not have to wait until the cattle were sold and figure up the amount of loss from shrinkage before giving the notice. Now, in addition to these facts, the case does not seem to have been tried on the theory that the time was unreasonably short, but rather upon the theory that the requirement of the notice was valid and had been waived. We say this because there was no evidence offered to show circumstances which would render notice within one day unreasonable. It is true, plaintiff did not accompany the shipment, but as the consignees were plaintiff's agents and could observe the stale condition the cattle were in and also knew they did not arrive on time but got there too late for market on day of arrival and had to be held over until next day, the fact that plaintiff did not accompany them would not of itself show the one day limit to be unreasonable. If there were any facts and circumstances which would have disclosed its unreasonableness, they should have been presented. In Clegg v. Railroad, cited above, a one day notice was held to be valid. We desire it to be clearly understood that we do not say a limitation of one day is reasonable as a general rule or under any and all circumstances. But where the circumstances, as here, do not show that time to be unreasonable, and the case is apparently tried upon the theory that the requirement of notice is valid but has been waived, and no proof of other circumstances is made which render it unreasonable, we will not declare a limit of one day to be unreasonably short.

It follows, therefore, that, under the rule adopted by the Federal decisions which are controlling in interstate shipments, plaintiff is not entitled to recover for loss due to shrinkage, but is entitled to recover for loss in decline of market. If, therefore, plaintiff will within ten days from the announcement of this opinion file a remittitur of $37.92 and interest thereon from the date of rendition of judgment, it will be affirmed, otherwise it will be reversed and the cause remanded for a new trial. All concur.