CHICAGO, R. I. & G. RY. CO. v. WHALEY.
(No. 1072.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 13, 1916. On Motion for Rehearing, Jan. 10, 1917.)

1. CARRIERS ☞218(5) — CARRIAGE OF LIVE STOCK—NOTICE OF INJURIES.

Stipulations in a contract for the interstate shipment of live stock for written notice to the agent of the initial carrier of a claim for loss, injury, detention, or delay in transportation thereof, as a condition precedent to recovering damages and that the notice be given within one day are not unreasonable, since Interstate Commerce Act Feb. 4, 1887, c. 104, 24 Stat. 379, makes the delivering carrier the agent of the initial carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696; Dec. Dig. ☞218(5).]

2. CARRIERS ☞218(10) — CARRIAGE OF LIVE STOCK — INTERSTATE COMMERCE ACT — "TRANSPORTATION."

In view of Interstate Commerce Act Feb. 4, 1887, c. 104, § 1, 24 Stat. 379 (U. S. Comp. St. 1913, § 8563), including in an interstate shipment everything from an order for cars to final delivery under the term "transportation," damages to an interstate shipment of cattle occasioned by a delay at pens before starting falls within the terms of a contract of shipment requiring notice of claim for loss or injury by delay in "transportation" as a condition precedent to recovery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 947; Dec. Dig. ☞218 (10).

For other definitions, see Words and Phrases, First and Second Series, Transportation.]

3. COURTS ☞365—STATE DECISIONS—EFFECT.

The holdings of the state courts that injuries received before the voyage began do not fall under the term "transportation" or the contract of shipment are not controlling in the case of an interstate shipment, in view of Interstate Commerce Act, § 1, including every-thing from order for cars to final delivery under the term "transportation."

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969–971; Dec. Dig. ☞365.]

Appeal from Sherman County Court; C. H. Rowland, Judge.

Action by G. T. Whaley against the Chicago, Rock Island & Gulf Railway Company. Judgment for the plaintiff, and defendant appeals. Reversed and rendered.

Lassiter, Harrison & Rowland, of Ft. Worth, and J. Y. Powell, of Houston, for appellant. Jno. H. H. Stahl, of Stratford, for appellee.

HUFF, C. J. This is an action brought by appellee in the county court of Sherman county February 26, 1915, to recover damages to a shipment of cattle transported over the Chicago, Rock Island & Gulf Railway Company and the Chicago, Rock Island & Pacific Railway Company from Conlen, Tex., to Kansas City, Mo. The negligence alleged was delay and rough handling. It is also alleged the cattle were shipped under a written contract with the initial carrier, and notice was given in the pleadings to produce the same upon trial.

The appellant railway company denied the negligence, and set up certain provisions of the contract, among which was clause 7, as follows:

"That as a condition precedent to claiming or recovering damages for any loss or injury to or detention of live stock or delay in transportation thereof, covered by this contract, the second party [plaintiff] as soon as he discovers such loss or injury, shall promptly give notice thereof in writing to some general officer, claim agent, or station agent of the first party [Chicago, Rock Island & Gulf Railway Company], or to the agent at destination, or to some general officer of the delivering line, before such stock is removed from point of shipment or from the place of destination, as the case may be, and before such stock is mingled with other stock, and such written notice shall in any event be served within one day after delivery of the stock at its destination, in order that such claim may be fully and fairly investigated. It is agreed that a failure to strictly comply with all the foregoing provisions shall be a bar to the recovery of any and all such claims."

The appellant alleged notice was not given and that there was an agent and officer who maintained an office and place of business easy of access to any shipper of live stock to that point, as provided in the contract of shipment. John Fox is shown to have been the livestock agent for the Chicago, Rock Island & Pacific Railway Company at Kansas City, and at that time W. H. Herbig was the agent there. Fox's office was located at room 808, Live Stock Exchange Building, and Herbig's office was about two blocks therefrom. Herbig had a representative who looked after live stock shipments and maintained an office in room 810, Live Stock Exchange Building, adjoining Fox's office. It was the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

190 S.W.—53

custom of shippers and claimants to present notices of claims for damages to a shipment of live stock through Fox's office. There was no such notice or claim presented on this shipment to his office or to Herbig's office. It was also necessary for shippers and caretakers of live stock into Kansas City over its line of road to present their contract in Mr. Herbig's office at room 810, Live Stock Exchange Building, to procure free transportation home. The trial court finds there was no notice given, as required by the contract.

The appellee in this case accompanied the shipment of cattle to Kansas City, and it is shown that he had been engaged in the cattle shipping business for the past 12 years, shipping from two to three shipments during each season; that he knew the location of these offices, and had presented himself to these officers for return passes, and on this occasion did so. He made no effort to find any agent to whom he could present his claim for damages. He also testifies that until he received his "account sales" he did not know of the loss of two head of cattle. He claims that he lost two head in transit, which the court finds was true upon conflicting evidence. The appellee also testified, in connection with the statement that he knew of the Rock Island offices, that he did not know what Rock Island officer or agent maintained the office; that he could have inquired of them where the local agent, the claim agent, or some general officer of the Chicago, Rock Island & Pacific Railway Company was located.

The trial court found that the provision above set out under the pleadings and facts was unreasonable, nonenforceable, and rendered judgment for the appellee. This action of the court in so rendering judgment is presented under two assignments of error. We believe the assignments to be well taken, and that the court should not have so rendered judgment.

[1] The appellee contends that the notice was required to be given to the agent of the initial carrier, which upon its face was unreasonable. This was a through interstate shipment, and the delivering carrier, under the Interstate Commerce Act, is the agent of the initial carrier. The Supreme Court of the United States, in passing upon a stipulation substantially like the one here in question, held:

"In these circumstances it seems plain that the stipulation meant and contemplated that the notice might be given at the place of destination to an officer or station agent of the connecting carrier, and that notice to it, in view of its relation to the initial carrier, should operate as notice to the latter." Railway Co. v. Wall, 241 U. S. 87, 36 Sup. Ct. 493, 60 L. Ed. 905; Clegg v. Railway Co., 203 Fed. 971, 122 C. C. A. 273.

The trial court held the provision requiring one day's notice unreasonable. The case just cited holds the contrary, and that the stipulation in that case is valid and should be enforced. The facts being undisputed it will be our duty, under that case, to here enforce it.

[2] It is contended that the damages were occasioned by delay at the pens before the cattle were started on the trip, by being held there some 24 hours before shipment. The appellee sues on a breach of the written contract, which he in part sets up and calls for its production. Under Interstate Commerce Act, § 1, the damages received by the cattle at pens will fall under the term, "transportation."

[3] The holdings of the state courts that such damages do not fall under the contract of shipment are not controlling in this case. The act of Congress includes everything from the order for cars to the final delivery under the term "transportation." This is the conclusion reached by this court in the case of Railway Company v. Smyth, 189 S. W. 70, and Railway Co. v. Bell (No. 1064) 189 S. W. 1097, where the authorities of the Supreme Court of the United States are cited.

Under the contract and the undisputed evidence the court was in error in rendering judgment for appellee for anything, but should have rendered judgment for appellant.

The judgment of the trial court will therefore be reversed and rendered for appellant.

### On Motion for Rehearing.

We shall request counsel for appellee to possess his soul with patience until he gets a case in which the acts of Congress declaring the provisions of the contract here set out void shall apply. We admit with shamefacedness that we have held that injuries received before the voyage began did not fall under the term "transportation," and therefore the bill of lading as to such damage did not apply, and that we were then following the rule established by the courts of this state; but, to our consternation and confusion, the Supreme Court of the United States called attention to section 1 of the Interstate Commerce Act, pointing out that from the order of the cars until final delivery at destination it was of one piece, and a part of the transportation covered by the terms of the contract of shipment; that the law would not tolerate a splitting up of these several acts constituting transportation.

With all deference to learned counsel for appellee, we are constrained to overrule the motion for rehearing.

BOYCE, J., not sitting.