# J. J. BURNS, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, November 7, 1910.

1. **CARRIERS: Notice of Injury.** Where a written contract of shipment provides for notice of loss or injury to animals within one day after delivery to consignee at destination, but another portion of such provision required such notice to be given as soon as the loss or injury is discovered: It was *held* that the notice need not be given until the character of the injury is known.

2. ———: **Tariff Rate: Weight: Limited Liability.** Where a written contract of shipment provided for the transportation of a stallion at a rate to be ascertained by his weight and such rate is stated to be a reduced rate, but the animal is in fact not weighed as thus contemplated, but is shipped as a "stallion" for a certain specified sum. . . . It was *held* that such provision did not show a consideration for the shipper's agreement for a limited liability by the carrier of $100 for an injury to or loss of the animal.

3. ———: ———: ———: ———. Where a contract of shipment recites that the transportation of an animal is to be "at the rate of trf per 100 from ——— to ——— subject to minimum rates specified in tariff; said rates being less than rate charged for shipments at carrier's risk:" It was *held* that such provision contemplated a shipment by weight and did not apply to a shipment made of an animal, as such, without regard to its weight.

4. ———: ———: **Value.** The court distinguishes such character of shipment from those where a shipper contracts for transportation of freight of a certain value receiving a rate of freight based on such value.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes, Judge.*

AFFIRMED.

*E. C. Hall* and *Paul E. Walker* for appellant.

(1) The plaintiff, by his amended pleading, stands on the written contract of shipment and is bound by the terms thereof. He cannot be heard to insist upon one requirement of that contract without adopting the whole of it. Shinn v. Mule Co., 109 Mo. App. 562; Porter v. Woods, 138 Mo. 539; Showinger v. Peabody, 57 Conn. 42; Bailey v. Pardridge, 134 Ill. 188; Bissel v. Dowing, 117 Mich. 646; Osborn v. Jourdan, 52 Neb. 465; Billings v. Mason, 80 Maine 485; Hyatt v. Clark, 118 N. Y. 563. (2) The written contract stated that the shipment was made at tariff rate, at shipper's risk, and defendant offered evidence showing that the shipper had option of two rates and that the lesser was charged. The contract also stated that the shipment was made at a reduced rate and provided that notice must be given in case of injury and also provided a liquidated value. No notice was given. (3) The petition alleges that the contract of shipment entered into by Singmaster Brothers with defendant was made on behalf of plaintiff. This statement was inserted as an amendment by interlineation, after the close of plaintiff's evidence and over defendant's objection. Before that amendment the petition was grounded upon the common law liability of the defendant upon the delivery of the horse to defendant by plaintiff. The contract was introduced during plaintiff's testimony and not objected to.

*Burns, Burns & Burns* for respondent.

(1) Notwithstanding the fact that appellant waived any requirement for such notice, and notwithstanding no notice is required under the law. A. B. Holland v. Railroad, 139 Mo. App. 719. (2) The instructions given by the court as offered by respondent in this case correctly declared the law, and very

thoroughly and appropriately covered every point raised by the pleadings or touched by the evidence. Hancock v. Railroad, 131 Mo. App. 407; George v. Railroad, 214 Mo. 560; A. B. Holland v. Railroad, 139 Mo. App. 719. (3) The amendment to plaintiff's petition was properly allowed to show the relation of the parties simply conforming to the evidence offered by both parties that Singmaster Bros. was the agent for plaintiff for the purpose of ordering the car for the shipment of plaintiff's stallion, and that the stallion shipped belonged to plaintiff. Sec. 657, R. S. 1899; 46 Mo. App. 302. (4) Defendant did not offer any proper evidence that two rates were named in the contract or that the parties considered two rates and defendant did not make his defense of reduced rate, even if a reduced rate would avail, and a provision of its contract for limitation of liability and for giving notice of claim for damage are void, whether for consideration or not, but in this case are without consideration. Holland v. Railroad, 139 Mo. App. 719; Hancock v. Railroad, 131 Mo. App. 407. (5) Respondent did not at any time offer any contract in evidence. The contract was offered by appellant.

ELLISON, J.—Plaintiff shipped a stallion over defendant's road. The animal was injured en route, plaintiff charging such injury was caused by the negligent handling and operation of the train by defendant's servants. Judgment for five hundred dollars was obtained by plaintiff in the trial court.

Plaintiff's petition is founded on a common law liability, but the answer made by defendant pleaded, and the evidence showed, a certain written contract of shipment, and defendant relies upon such contract as denying any right of action in plaintiff unless he should first have given written notice of his claim for damage, in some instances within ninety days after the

date of loss, and in others within one day after delivery, and in any event as limiting its liability to one hundred dollars.

We regard the claim of want of notice as without merit. There are two provisions of the contract on that subject. One is that notice within ninety days, of any claim for damages, shall be given as a condition precedent to bringing an action. Sufficient proof was made of compliance with that provision by a notice given in less than thirty days of the date of injury. The second requirement was that prompt written notice should be given of a claim for damages "as soon as he (shipper) discovers such loss or injury . . . before such stock is removed from point of shipment, or from place of destination as the case may be and before such stock is mingled with other stock and such written notice shall, in any event, be served within one day after delivery of stock at its destination in order that such claim may be fully and fairly investigated." This provision cannot apply to the facts of the present claim. It is true that the injury complained of happened before the horse arrived at destination. But the evidence shows that it was not of such character as to be immediately discoverable or the extent of it ascertained. In such instances it would be wholly unreasonable to require the shipper to give notice of that which could not be known. We have already shown that within the ninety days' limit of the first provision for notice plaintiff did give sufficient notice.

The principal matter discussed as ground for reversal of the judgment relates to the provision limiting defendant's liability to one hundred dollars. The contract provided that defendant would transport the stallion "at the rate of trf per 100 from ——— to ———, subject to minimum weights and length of cars specified and provided for in tariff; said rate being less than the rate charged for shipments transported

at carrier's risk, for which reduced rate and other considerations it is mutually agreed between parties hereto as follows. . . .

"Eighth. That in case of total loss of any of the live stock covered by this contract from any cause from which the first party may be liable, payment will be made therefor on the basis of actual cash value at the time and place of shipment, but in no case to exceed one hundred dollars for each horse, pony, gelding, mare or stallion, mule or jack; . . ."

The Supreme Court and this court have decided that a contract limiting the liability of a carrier to a named amount regardless of actual loss must be based on a consideration: [George v. Ry. Co., 214 Mo. 551; Holland v. Ry. Co., 139 Mo. App. 702.] The consideration claimed in this case is a reduced rate of freight. The first question to consider is whether the provisions of the contract just set out apply to the facts of plaintiff's shipment. It will be observed that the reduced rate named in the contract is a reduction from a rate based on the weight of the article shipped, while the limitation of liability is on the animal without regard to weight. The reduced rate mentioned in the contract is a rate applicable to shipments by weight. There was no such shipment shown in this case; the animal does not appear by the contract to have been weighed, but a lump charge was made for transportation of the horse, as such. It appears therefore that the contract does not show a consideration for limitation of value. This question was ruled upon by us in Hancock v. Ry. Co., 131 Mo. App. 401, where, after remarking on other phases of the case, we said: "Besides this, the foregoing reference to 'rate of trf per cwt' (tariff per hundred weight) cannot be made to apply to the shipment in question, since such shipment was of an animal shipped as such, without regard to

weight." And we added what we think finds application in the present instance: "The truth doubtless is, that a general blank freight contract has been used and proper and sufficient changes therein have not been made to make it apply to a shipment of a horse at an agreed valuation in such way as to enable defendant to maintain the points now urged against the judgment."

But if it had appeared that the shipment was by weight, as if shown on the tariff sheets, the defendant would not have been in any better position. For, in George v. Ry. Co., supra, a case involving a contract like the present, the Supreme Court ruled that there was no reduced rate, and so we held in Holland v. Ry. Co., supra.

What we have written disposes of the objection made to the court's refusal of certain instructions offered by defendant. We do not discover any just ground for criticism of the instructions given for plaintiff and feel assured that taken in connection with those given for defendant the case was clearly put to the jury. Nor was any error committed in admitting evidence of the witnesses Grant and Williams.

In view of some parts of the argument made at the hearing, it is well enough to add that this and similar cases do not present the question of the validity of a contract wherein the shipment is made and compensation therefor based upon the value of the thing shipped. As, for instance, if the shipper, desiring a carrier to transport a horse to a certain place, should ask what the charge would be and the carrier would answer that it depended upon what the animal was worth; that if he was valued at five hundred dollars the freight would be five dollars, but if he was valued at one thousand dollars the freight would be twice that sum. In such instance it would scarcely be necessary for the contract to specify that a rate charged was a reduced rate, since it would appear upon the

face of the transaction that the rate would rise or fall with the value of the article; that is to say, the amount of the risk the carrier would assume. It ought not to be said that a shipper could bring a package to a carrier, stating it was an ordinary piece of clay moulding of the value of ten dollars and, in consequence of such trifling value, pay fifty cents for its transportation, and then, if lost or broken, be allowed to claim and recover one thousand dollars.

In view of the law of the case as determined by us, the judgment could not well have been for defendant, and it is accordingly affirmed. All concur.