JERRE McELVAIN, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY. Appellant.

St. Louis Court of Appeals, July 5, 1913.

1. PRINCIPAL AND AGENT: Authority of Agent. Where a purchaser of live stock authorized the seller to arrange with a carrier for its shipment, the seller is presumed to have had authority to agree with the carrier that, in consideration of a reduced freight rate, notice to the carrier of injury to the shipment was a condition precedent to a recovery therefor.

2. COMMON CARRIERS: Interstate Commerce: Supremacy of Federal Laws. Congress, through the enactment of the Interstate Commerce Act (24 Stat. at Large, p. 379; U. S. Comp. Stat. 1901, p. 3154) and the amendment thereto known as the Carmack Amendment (34 Stat. at Large, p. 595), has taken complete possession of the subject of liability of railroads on account of interstate shipments; and these enactments, together with the rules of decision of the Federal courts, construing and applying them, supersede the laws, regulations and policy of the State relating to this subject.

3. ————: ————: Validity of Requirement That Shipper Notify Carrier of Damage. Under the rule of decision that obtains in the Federal courts, a provision in a contract of affreightment of an interstate shipment that, in consideration of a reduced freight rate, notice to the carrier of injury to the shipment is a condition precedent to a recovery therefor, is valid, and the failure of the shipper to comply with it prevents a recovery for his damage.

Appeal from Pemiscot Circuit Court.—Hon. Henry C. Riley, Judge.

REVERSED.

W. F. Evans and Moses Whybark for appellant.

Ward & Collins for respondent.

(For synopsis of briefs, see 151 Mo. App. 126).

ALLEN, J.—This case was originally appealed to this court from the circuit court of Pemiscot county, but, under the provisions of section 3939, Revised Statutes 1909, it was transferred to the Springfield Court of Appeals. The latter court rendered a decision in the case in an opinion by NIXON, J., of that court, which is reported under the title of McElvain v. Railroad, 151 Mo. App. 126, 131 S. W. 736. Thereafter, the Supreme Court declared unconstitutional and void the above mentioned act of the Legislature under which the said transfer was made from this court to the Springfield Court of Appeals (Dunham v. Nixon, 232 Mo. 98, 133 S. W. 336), rendering the proceedings had in the latter court *coram non judice* and void. Thereupon the cause was duly transferred to this court, where, under the ruling of the Supreme Court, the jurisdiction of the appeal continued to reside.

The action is upon the common law liability of a carrier for damages accruing to plaintiff on account of an alleged unreasonable delay in the transportation by defendant of a carload of mules from East St. Louis, Illinois, to Caruthersville, Missouri, and in failing to transport said mules in a careful manner. The cause was tried below before the court and a jury, resulting in a verdict and judgment for plaintiff, and the defendant appeals.

As to the pleadings, and for a full statement of the facts in the case, we refer to the able opinion of NIXON, J., of the Springfield Court of Appeals, reported as above mentioned. The decision of that court was predicated upon the failure of plaintiff to comply with a certain provision of the contract of affreightment under and by virtue of which the shipment was made. The eleventh clause of the shipping contract, which it appears was accepted by plaintiff's agents in consideration of a reduced rate, was as follows:

"That, as a condition precedent to a recovery for any damages for delay, loss or injury to live stock

covered by this contract, the second party will give notice in writing of the claim therefor to some general officer or the nearest station agent of the first party, or to the agent at destination, or some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock; such written notification to be served within one day after the delivery of such stock at destination, to the end that such claim shall be fully and fairly investigated; and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims.''

Defendant in its answer alleged that plaintiff had failed to comply with this provision of the shipping contract, and the testimony of plaintiff, and the oral statement of his counsel at the trial, were that notice had not been given in compliance therewith. Plaintiff, however, sought to avoid the consequence thereof by endeavoring to prove that the shipping contract was not executed by his agents. It appears that plaintiff was not present at East St. Louis when the shipment was delivered to the defendant; that the plaintiff purchased the mules of Sparks Brothers, of East St. Louis, who were directed by plaintiff to ship them to Caruthersville; that it was plaintiff's custom, when buying mules, to have the seller make all arrangements for and take charge of the shipping of the stock. In this instance plaintiff entrusted the shipment of the mules to Sparks Brothers, from whom he bought them, leaving the entire matter in their hands. It is plaintiff's contention, however, that Sparks Brothers were not his agents for the purpose of executing the contract of affreightment offered in evidence, and plaintiff, in his reply, denied under oath that such contract was made by him. The position of plaintiff in this regard, however, is not tenable, for the reasons expressed by Nixon, J., in the reported decision of the

Springfield Court of Appeals in this case. [151 Mo. App. l. c. 141.] The mules having been left in charge of agents for delivery to the carrier, such agents are presumed to have had authority to enter into the contract for their shipment.

So far as concerns the validity of the eleventh clause in the shipping contract, and the effect of plaintiff's failure to comply therewith, the decisions of the courts of our State can no longer be looked to, where the shipment, as here, is an interstate one. The policy of any State with respect to such limitations upon the carrier's common law liability is no longer a matter of any consequence, in so far as concerns interstate shipments. The Supreme Court of the United States has unmistakably declared that Congress, through the enactment of the Interstate Commerce Act and the amendments thereto, including what is known as the Carmack Amendment, has taken complete possession of the subject of liability of carriers by railroad on account of interstate shipments, and that such legislation by Congress, and the rule of decision prevailing in the Federal courts with respect to the construction and application thereof, supersede the laws, regulations and policy of any State with respect to this subject. [See Adams Express Co. v. Croninger, 226 U. S. 491; Chicago, Burlington & Quincy R. Co. v. Miller, 226 U. S. 513; Chicago, St. Paul, etc., Ry. Co. v. Latta, 226 U. S. 519; Kansas City Southern R. Co. v. Carl, 227 U. S. 391; M., K. & T. R. Co. v. Harriman Bros., 227 U. S. 397; American Silver Mfg. Co. v. Wabash R. R. Co., 174 Mo. App. 184, 156 S. W. 830; Joseph v. C. B. & Q. R. Co., 175 Mo. App. 18.]

Since this is an interstate shipment, we are governed by the rulings of the Federal courts with respect to this question; their decisions are binding and controlling upon us, and it becomes our plain duty to follow them. And it is quite clear that, under the rule

of decision prevailing in the Federal courts, the clause here in question, in the contract of affreightment, must be held to be valid, and that a failure on the part of plaintiff to comply with it is fatal to a recovery. Such is the tenor of the decisions of the United States Supreme Court cited above, although the particular provision of the shipping contract here relied upon by defendant was not involved in any of those cases. However, the precise question was recently under consideration by the Circuit Court of Appeals of the eighth circuit in Clegg v. St. Louis & S. F. R. Co., 203 Fed. Rep. 971, in which the court, through MUNGER, J., held the identical stipulation in a shipping contract to be valid, and that a failure to give the notice required by it was fatal to plaintiff's recovery.

It is unnecessary to notice the other questions raised in the case. For the reason given above the judgment of the circuit court must be reversed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.