JOHNSON GRAIN COMPANY, Respondent, v. CHI-
CAGO, BURLINGTON & QUINCY RAILROAD
COMPANY, Appellant.

**Kansas City Court of Appeals, February 16, 1914.**

1. **COMMON CARRIERS: Railroads: Stipulation in Bills of
Lading.** Where a stipulation in the bill of lading provides
that "claims for loss, damages or delay must be made in
writing to the carrier at the point of delivery or at the point
of origin within four months after the delivery of the prop-
erty, or, in case of failure to make the delivery, then within
four months after a reasonable time for delivery has elapsed,
unless claims are so made, the carrier shall not be
liable" is valid, when it relates to an interstate shipment,
which falls within the Carmack Amendment of the Hepburn
Act.

2. ———: ———: ———. Under the amendment of the Hep-
burn Act a common carrier is required to issue a receipt or
bill of lading for property received for transportation from a
point in one State to a point in another, and this covers the
entire field of the liability of interstate carrier and supersedes
and excludes the exercise of the police power of a State to
deal with the subject.

3. **APPELLATE PRACTICE: New Trial: Appeal and Error: Stat-
ute.** Under Secs. 2038 and 2023, R. S. 1909, relating to the right
to appeal from an order granting a new trial, the appellate
court must affirm the judgment if the stated reason be found
sufficient, but if found insufficient, "the verdict must stand
and the costs of another trial be avoided in the absence of
affirmative showing, by the party in whose favor the new
trial was granted, that it was properly set aside on other
grounds."

Appeal from Jackson Circuit Court.—*Hon. Kimbrough
Stone*, Judge.

REVERSED AND REMANDED (*with directions*).

*Warner, Dean, McLeod & Langworthy* for appel-
lant.

*E. H. Batson* for respondent.

JOHNSON, J.—This action was begun before a justice of the peace of Blue township, Jackson county, to recover damages resulting from the loss of wheat shipped by plaintiff from Johnson, Nebraska, to Kansas City, over defendant's railway, under a standard form of order bill of lading approved by the Interstate Commerce Commission. A trial in the circuit court ended in a verdict and judgment for defendant which afterward was set aside by the court and a new trial ordered on the ground of error in the instructions. Defendant appealed from the order.

Our review of the case should not be restricted, as plaintiff contends, to the question of the propriety of the expressed reason for awarding the new trial.

The pertinent statutes (sections 2038 and 2023, Revised Statutes 1909) relating to the right to appeal from such order, require us to affirm the judgment if the stated reason be found sufficient, but if it be found insufficient, "the verdict must stand and the costs of another trial be avoided in the absence of affirmative showing by the party in whose favor the new trial was granted, that it was properly set aside on other grounds." [Ittner v. Hughes, 133 Mo. l. c. 688; Haven v. Railway, 155 Mo. l. c. 224.] An error which cannot be said to have been prejudicial to any right of the losing party cannot serve as a valid reason for setting aside the verdict and where, as we shall show in the instant case, the court should have sustained the defendant's demurrer to the evidence, an error in the instructions to the jury cannot be considered as sufficient ground for an order setting aside the verdict.

"In such circumstances, just as formerly under the old practice, the only grounds on which this court will interfere, are for errors (that is judicial errors) or where there is no basis in the evidence on which a verdict for plaintiff should be permitted to stand." [Graney v. Railway, 157 Mo. l. c. 678; Kelley v. Railways Co., 153 Mo. App. 114.]

The evidence of plaintiff tends to show that a quantity of wheat was lost during the transportation of a carload shipped by plaintiff. The demurrer to the evidence presents a number of interesting questions but as our solution of one of them is fatal to plaintiff's alleged cause of action, we shall pass the others without special mention.

Among the stipulations in the bill of lading is one which provides: "Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after the delivery of the property, or, in case of failure to make the delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made, the carrier shall not be liable."

There is no proof of compliance with this requirement and this suit was not begun until long after the expiration of the prescribed time. This was an interstate shipment, falling within the operation of the Carmack Amendment of the Hepburn Act. That act as amended, which requires a common carrier to issue a receipt or bill of lading for property received for transportation from a point in one State to a point in another, is held by the Supreme Court of the United States to cover the entire field of the liability of interstate carriers and to supersede and exclude the exercise of the police power of a State to deal with the subject. [Express Co. v. Croninger, 226 U. S. 491; Railway v. Harriman, 227 U. S. l. c. 672.] The precise question before us was determined in the Harriman case, where a similar stipulation was held to be valid. We quote from the opinion:

"The policy of Statutes of Limitation is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents or failure of memory. But there is nothing in the policy or object of such statutes which forbids

the partes to an agreement to provide a shorter period, provided the time is not unreasonably short. That is a question of law for the determination of the court. [Riddlesbarger v. Hartford Insurance Co., 7 Wall. 386.] A stipulation that an express company should not be held liable unless claim was made within ninety days after a loss was held good in Express Company v. Caldwell, 21 Wall, 264. Such limitations in bills of lading are very customary and have been upheld in a multitude of cases. We cite a few: Central Vermont Railroad v. Soper (1st C. C. A.), 85 Fed. Rep. 985; Cox v. Central Vermont Railroad, 170 Massachusetts, 129; North British, etc., Insurance Co. v. Central Vermont Railroad, 9 App. Div. (N. Y.) 4, aff'd 158 N. Y. 726. Before the Texas and Missouri statutes forbidding such special contracts, short limitations in bills of lading were held to be valid and enforceable. [McCarty v. Gulf, etc., Ry., 79 Texas, 33; Thompson v. Chicago, etc., Ry. 22 Mo. App. 321. See cases to same effect cited in 6 Cyc. p. 508.] The provision requiring suit to be brought within ninety days is not unreasonable.''

It is immaterial that the bill of lading under consideration is in form and substance a general and not a special contract based on the consideration of a reduced rate. The stipulation for the filing of a written claim of loss within a specified and reasonable time, being in the nature of a reasonable regulation and not of a restriction of the carrier's common law liability, does not depend upon a special consideration, such as a reduced rate, but is an agreement that may be incorporated in a general form of bill of lading. [Ginn v. Transit Co., 85 Fed. 985; Ingram v. Weir, 166 Fed. 328; Railway v. Harriman, supra.] While it is true the Supreme Court in the case last cited was dealing with a reduced rate shipping contract we interpret the excerpt we have quoted from the opinion as approving the doctrine of those cases which hold that such contractual limitations should be classed as mere regula-

tions. Our own courts have adhered to the opposite rule. [George v. Railroad, 214 Mo. 551.] But inasmuch at the Supreme Court of the United States have construed the Hepburn Act, as amended, to mean that every question of the validity of stipulations in bills of lading covering interstate shipments is a Federal question, we must follow the rule obtaining in the Federal courts, though it be contrary to that heretofore recognized in the jurisprudence of this State.

The judgment is reversed and the cause remanded with directions to enter judgment on the verdict. All concur.