S. P. BAILEY and B. A. BAILEY, Respondents, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 23, 1914.

1. **DAMAGES: Railroads: Delayed Shipment.** The plaintiffs sued to recover from defendant special and consequential damages for the delay of a shipment of apple barrels. The barrels arrived too late and the apples could not be picked until after they had become overripe and seriously injured for storage purposes. The bill of lading provided that claims for loss, damage, or delay must be made in writing, etc., within four months after delivery. This claim was not made until after that time. *Held,* that the failure of plaintiffs to present their claim to defendant in the time prescribed in the shipping contract is fatal to their case.

2. ———: ———: ———. When a commodity has been de-
livered to a common carrier to be transported on a continuous
voyage or trip to a point beyond the limits of the State where
delivered, the character of interstate or foreign commerce at-
taches thereto, and it is immaterial whether the shipment is
to be made on a through bill of lading or upon a bill issued
for transportation between intrastate points.

Appeal from Morgan Circuit Court.—*Hon. J. G. Slate,*
Judge.

REVERSED.

*C. D. Corum* for appellant.

(1) Before plaintiffs can recover such special con-
sequential damages as are claimed in this case, they
must plead and prove that defendant, at the time of
accepting the consignment in question, was notified of
the special damages that might be anticipated at a
result of delay.   Dunne & Grace v. Railroad, 166 Mo.
App. 375; Cowherd v. Railroad, 151 Mo. App. 7; Gray
v. Railroad, 54 Mo. App. 671; Steffen v. Railroad, 156
Mo. 335.   (2) A reply which merely denies the "new
matter" contained in defendant's answer is no denial
at all.   Betz v. Tel. Co., 121 Mo. App. 478; Young v.
Schofield, 132 Mo. 661; Snyder v. Free, 114 Mo. 367.
(3) The barrels having been loaded in the cars at
Kansas City, Kansas, and transported as a through
shipment to Versailles, Missouri, this was an interstate
shipment notwithstanding the bill of lading was exe-
cuted in Kansas City, Missouri.   So. P. Term. Co. v.
Interstate Commerce Commission, 219 U. S. 527, (55
L. Ed. 320); Railroad Commission v. Worthington, 225
U. S. 108, (56 L. Ed. 1008); State v. Railroad, 71 S. W.
994; Railroad v. Grain Co., 72 S. W. 419; Railroad v.
Grain Co., 73 S. W. 845.   (4) The provision in the
bill of lading that claims for "loss, damage or delay"
must be made within four months is a valid regulation,
especially when supported by a reduced rate as in the

case at bar. Grain Co. v. Railroad, 177 Mo. App. 197; Hamilton v. Railroad, 177 Mo. App. 151.

*J. W. McClelland, R. M. Embry* and *R. M. Livesay* for respondents.

(1) The notice required in the contract is notice of damages done to the article shipped. Aull v. Railroad, 136 Mo. App. 291. (2) In suit for damages on account of delay in a shipment, where the shipper explained to the carrier's station agent and shipping clerk, the nature of the shipment, this was notice to carrier. Morrow v. Railroad, 140 Mo. App. 200. (3) The notice to carrier need not be positive notice, but any fact or circumstance that will put a person of ordinary caution on inquiry, will be sufficient, to say nothing of what notice was given to the agents of defendant. The bill of lading imparts the necessary information to entitle plaintiff to recover. Morrow v. Railroad, 140 Mo. App. 200. (4) Appellant complains about plaintiffs suing for damages to apples in more than one orchard. Under the undisputed evidence in this case, plaintiffs had authority to gather and barrel, ship and collect the money for all apples, regardless of the orchard they were taken from. This is undisputed and plaintiffs had a right to sue for damages in their own name. R. S. 1909, section 1730; Ellis v. Harrison, 104 Mo. 270; Chouteau v. Boughton, 100 Mo. 406; Sawyer v. Railroad, 156 Mo. 468; Nelson v. Hirsch, 102 Mo. App. 498.

JOHNSON, J.—Plaintiffs sued to recover damages resulting to them from an alleged negligent delay in the transportation of two carloads of apple barrels which defendant received at Kansas City and undertook to carry to Versailles, Missouri, and there to deliver to plaintiffs, the consignees.

The barrels were purchased by plaintiffs from a manufacturer in Kansas City, Kansas, and were loaded in two cars on a switch track which connected the factory with the line of the Terminal Railway Company, another common carrier. A "switch card" showing the destination of the cars was tacked on each car by the shipper and the Terminal Company received the cars at the switch track where they were loaded and switched them a mile or more to the yards of defendant in Kansas City, Missouri, where they were received by defendant. The Terminal Company charged $4 per car for this service.

Defendant had promised to furnish a large car for the shipment but being unable to do so provided two smaller cars instead, and paid the switching charges on one car and collected the charges on the other from the consignee as a part of the cost of transportation from the factory in Kansas City, Kansas, to Versailles. If a single car had been furnished, as agreed, the switching charge of $4 would have been added to the expense bill issued by defendant for the transportation. Defendant issued a bill of lading to the shipper, made out on the form approved by the Interstate Commerce Commission for the transportation of the cars from Kansas City, Missouri, to Versailles.

The barrels were properly designated in the bill as belonging to class "D" for which the rate from Kansas City, Missouri, to Versailles, in the schedules on file with the Interstate Commerce Commission, was twelve cents per hundred pounds. This was a reduced rate, since the schedules and approved form of bill of lading provided a higher rate for class "D" freight forwarded with the carrier's common law liability unrestricted. The bill of lading provided "claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within

four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable."

No claim was presented by plaintiffs to defendant and this suit was not begun until more than four months had elapsed from the date of the delivery of the barrels.

On the hypothesis that this was an interstate shipment, the failure of plaintiffs to present their claim to defendant in the time prescribed in the shipping contract is fatal to their case. The Carmack Amendment to the Hepburn Act is construed by the Supreme Court of the United States to supersede and exclude State laws and juridical policies from the field of the liability of carriers growing out of interstate shipments. [Express Co. v. Croninger, 226 U. S. 491; Railway v. Harriman, 227 U. S. 1. c. 672.]

The decisions of the United States courts which we are bound to follow in interstate commerce cases recognize the validity of reasonable stipulations in shipping contracts for the giving of notice of claims whether or not such agreement be supported by the consideration of a reduced rate. Such contractual limitations are regarded as a mere regulation which the parties have a right to incorporate as a part of their contract. We are bound to accept and give effect to this interpretation of the contract, regardless of whether or not it coincides with the policy of the jurisprudence of this State which obtained before the subject of interstate commerce was placed under the exclusive control of the national laws. [Grain Co. v. Railway, 177 Mo. App. 197; Hamilton v. Railway, 177 Mo. App. 151.]

But it is contended by plaintiffs that the limitation in question cannot be applied in the present case for the reason that it refers only to claims for damages to the articles shipped, while the damages plaintiffs seek to recover were special and consequential, and

not the result of any injury to the barrels which arrived at Versailles in good order. In consequence of the delay the apples which plaintiffs intended to pack in the barrels could not be picked from the trees until after they had become overripe and seriously injured for storage purposes. In Morrow v. Railroad, 140 Mo. App. 200, it was held by the Springfield Court of Appeals that a stipulation in a bill of lading that "all claims for damages must be reported by the consignee within thirty-six hours after he was notified of the arrival of the freight," referred only to loss or damage to the property shipped and not to a claim for special damages. To the same effect was our decision in Aull v. Railway, 136 Mo. App. 291. There is a vital difference between the provisions of the contracts in those cases and that now before us for interpretation which expressly provides that claims resulting from delay, as well as those for loss and damage to the property shipped, fall within the purview of the contractual limitation. The term "claims for . . . delay" obviously was intended to be comprehensive, and to include all damages that reasonably might be anticipated to follow a negligent breach of the carrier's duty to deliver the barrels within a reasonable time.

It is earnestly argued by plaintiff and with effect in the trial court that the shipment in question was intrastate, not interstate, commerce. The court was induced to this conclusion by the fact that the bill of lading issued by defendant on its face provided only for the transportation of the cars between two points in this State. That fact is by no means conclusive. The barrels were loaded in the cars on the switch track in Kansas with the intention of delivering them there to the initial carrier (the Terminal Company) for continuous transportation to plaintiffs at Versailles.

The rule may be considered as firmly established that when a commodity has been delivered to a com-

mon carrier to be transported on a continuous voyage or trip to a point beyond the limits of the State where delivered, the character of interstate or foreign commerce attaches thereto, and it is immaterial whether the shipment be made on a through bill of lading or upon a bill or bills issued for transportation between intrastate points. [Terminal Co. v. Interstate Commerce Commission, 219 U. S. 527; Commission Co. v. Worthington, 225 U. S. 108; State v. Railway, 71 S. W. (Tex.) 994; Railway v. Grain Co., 73 S. W. (Tex.) 845; Railway Com. v. Railroad, 229 U. S. 336.]

In the case of Kolkmeyer v. Railroad, decided by this court at the present term, we recognized this rule and our conclusion that the shipment there was intrastate commerce was based on the absence of an intention that the transportation which originated in this State should continue beyond Kansas City into an adjoining State.

The judgment is reversed. All concur.

