## H. E. POTTER, Respondent, v. KANSAS CITY SOUTHERN RY. CO., Appellant.

**Kansas City Court of Appeals, January 11, 1915.**

1. **COMMON CARRIERS: Damages: Delay in Transportation: Interstate Shipments.** If a shipment is interstate in character then the shipping contract is governed by and must be construed with reference to the Acts of Congress and the Federal decisions without regard to State rules heretofore prevailing.

2. ———: ———: ———. An answer setting up that the course of transportation was for a portion of the distance through another State and that the destination of the goods was in another State, stated facts sufficient to show an interstate shipment, or, at least sufficient to enable defendant to offer evidence in support of such contention, even though the bill of lading be between points in the State where the shipment originated. It is the character of the service rendered not the manner in which the goods are billed that determines the interstate character of the service.

3. ———: ———: ———: **Provisions Affecting Carrier's Liability.** If the shipment was interstate then certain provisions contained in the contract are defenses to the action, held to be valid by the Federal decisions which supersede all State legislation and decisions upon the subject. An answer setting up those defenses and that the shipment was interstate should not have such defenses stricken out, but the evidence should be heard, and if the shipment is interstate in character then the special defenses pleaded are, when established, to be applied in accordance with that state of facts and the decisions applicable thereto.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

REVERSED AND REMANDED.

*Cyrus Crane, George J. Mersereau* and *Harvey C. Clark* for appellant.

(1) Under the facts set up in the answer and which defendant offered to prove the shipment was

interstate and the court erred in refusing to permit. defendant to show this. Railroad v. Board of Railway Commissioners, 106 Fed. 363; Hanley v. Railroad, 187 U. S. 617; United States v. Railroad, 152 Fed. 269. (2) The shipment being interstate, the liability was controlled by the provisions of the Interstate Commerce Act and its amendments. Under that act and its amendments as construed by the Supreme Court of the United States defendant was not liable. Adams Express Co. v. Croninger, 226 U. S. 491; Railroad v. Miller, 226 U. S. 513; Railroad v. Latta, 226 U. S. 519; Railroad v. Carl, 227 U. S. 639; Railroad v. Harriman, 227 U. S. 657; Railroad v. O'Connor, 232 U. S. 508. (3) The failure of plaintiff to bring suit within six months after the loss occurred as provided in the shipping contract was fatal to his recovery. Railroad v. Harriman, 227 U. S. 657.

*Scott & Bowker* for respondent.

Unless the rate has been approved by the interstate Commerce Commission and filed with the agent and posted as required by the Interstate Commerce Statute, the same is not a legal rate and is not enforcible as a contract rate under the Interstate Commerce Act. 3 Federal Annotated Statutes, Interstate Com. Act, sec. 6; Sloop v. Railroad, 200 Mo. 198; Hunter v. Railroad, 167 Mo. App. 624; Railroad v. Horn, 106 Tenn. 73.

TRIMBLE, J.—Plaintiff sued for damages caused by alleged negligent delay in the shipment of certain live stock. The amended petition alleged that the shipment was from Reo, in Vernon county, Missouri, to Kansas City, Missouri. The shipping contract read "from Reo, Mo., station on the company's road, consigned to Woods-Egan Com. Co. at Kansas City."

The answer set up that the shipment was an interstate shipment, being from a point in Missouri to a point in Kansas, namely, the Stockyards, a portion of said shipment being in Missouri and a portion in Kansas. The answer further set up that at the time of the shipment the defendant had in full force and effect two tariffs for the transportation of live stock of the kind and character of shipment mentioned; that one was the regular tariff and the other a less rate, of which the shipper could avail himself; that the shipper had elected to and did ship on the lower of those two rates. It was further set up that the shipping contract expressly provided that, in consideration of the lower rate, there should be certain limitations on defendant's liability, among them being the requirement, as a condition precedent to any recovery for damages growing out of the shipment, of written notice thereof before the stock should be removed, slaughtered, or mingled with other stock, and the same should not be removed for three hours after giving such notice; and the further requirements that written claim for such damages should be presented within ninety-one days, and that suit must be commenced within six months after the loss occurred. It was further alleged that none of these were complied with.

But the trial court, on motion of plaintiff, struck out of defendant's answer all that part thereof setting up the interstate character of the shipment and the defenses pleaded as applicable thereto. At the trial the defendant, notwithstanding the action of the trial court in striking out this portion of the answer, offered to prove that the shipment was interstate and that there were two rates in full force and effect, but the offer was rejected. Judgment was rendered for the full amount sued for and defendant appealed.

If the shipment in question was interstate in character, then the contract is governed by and must be

construed with reference to the Federal decisions without regard to the rules heretofore prevailing in this State. [Hamilton v. Chicago and Alton Ry. Co., 177 Mo. App. 145, l. c. 151 and cases cited; Johnson Grain Co. v. Chicago etc. R. Co., 177 Mo. App. 194.] Consequently, it is all important to know whether or not the shipment was of the character claimed by defendant. The facts alleged in the answer are sufficient to make the shipment an interstate shipment. [Kansas City S. Ry. Co. v. Board of Railroad Com'rs of Arkansas, 106 Fed. 353; Hanley v. Kansas City S. Ry. Co., 187 U. S. 617; United States v. Delaware L. & W. R. Co., 152 Fed. 269.] In the Hanley case the Supreme Court of the United States held that a through shipment between two points within a State was made an interstate shipment by reason of the fact that the course of transportation for a considerable portion of the distance was through the Indian Territory. In the case at bar the offer was made to show that not only did the train go from Missouri into Kansas and then back into Missouri, but also that the train then went back into Kansas where the cattle were unloaded. So that the destination of the cattle, so far as the carrier was concerned, was in Kansas. This would be sufficient to make the shipment an interstate one under the Federal decisions. At any rate, the allegations of the answer are sufficient to present the question whether it was interstate or not, and hence the defendant should not be precluded from showing the facts. If the going into Kansas was merely the switching back and forth of the cattle after reaching their destination, the question whether or not the shipment was interstate in character can be determined only after hearing the evidence offered upon that issue. The sustaining of the motion to strike out that element of the answer prevented the defendant from proving the facts in regard thereto. We

cannot say this was cured because defendant's subsequent offer of proof upon that issue was not as full as it might otherwise have been.

It is urged that the shipping contract provides only for a shipment exclusively in Missouri, but the contract reads from Reo in Missouri to the Consignee at Kansas City, and does not say whether that is in Kansas or Missouri. Even if we may infer that it meant Kansas City, Missouri, yet in United States v. Union Stock Yard, 226 U. S. 286, 1. c. 304, it is said, "It is the character of the service rendered, not the manner in which the goods are billed, which determines the interstate character of the service." [See also Southern Pac. Term. Co. v. Interstate Com. Com., 219 U. S. 498; Ohio R. Com. v. Worthington, 225 U. S. 101.]

If the shipment was interstate, then the provisions in the contract hereinabove mentioned as having been set out in the answer, are, when proved and established, valid defenses to the action. It is so held by the Federal decisions. An interstate shipment is controlled by the provisions of the Interstate Commerce Act and its amendments. And the construction placed thereon by the United States Supreme Court supersedes all State legislation and decisions upon the subject. [Adams Express Co. v. Croninger, 226 U. S. 491; Chicago etc. R. Co. v. Miller, 226 U. S. 513; Kansas City Southern Ry. Co. v. Carl, 227 U. S. 639; Chicago, etc. R. Co. v. Latta, 226 U. S. 519; Missouri etc., R. Co. v. Harriman, 227 U. S. 657.]

The judgment must be reversed and the cause remanded so that the issue raised by defendant's answer may be heard and the question determined whether the shipment was interstate or not and, if so, then the special defenses pleaded are to be applied in accordance with that state of facts and the decisions applicable thereto. So ordered. All concur.