GEORGE JORDAN et al. v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

Division One, December 20, 1916.

1. **JURISDICTION**: Decision of the Court of Appeals: Conflict of Decisions. A decision or opinion of a court of appeals in a case of which it had no jurisdiction is a nullity, and a cause cannot be certified to the Supreme Court by another court of appeals on the ground that its decision therein is in conflict with said prior decision of said Court of Appeals.

2. ———: ———: Transfer of Causes from One Court of Appeals to Another. After the Supreme Court has held that the statute direct-

ing the transfer of a cause from one Court of Appeals to another was invalid and that a Court of Appeals had no jurisdiction of said cause so transferred to it, the opinion or attempted decision previously rendered therein by said Court of Appeals became a nullity, and another Court of Appeals is not authorized to subsequently transfer to the Supreme Court a case pending in it on the ground that its decision therein is in conflict with such prior nullified decision.

Appeal from Putnam Circuit Court.—*Hon. G. W. Wanamaker*, Judge.

Transferred to Kansas City Court of Appeals.

*O. M. Spencer, A. W. Mullins, Palmer Trimble* and *M. G. Roberts* for appellant.

*N. A. Franklin* and *Fogle & Fogle* for respondents.

BOND, J.—I. This case was certified to this court by the Kansas City Court of Appeals in a *per curiam* opinion, setting out, in substance, that the action was one for damages suffered by a carload of horses shipped by the plaintiff from Lemon, Missouri, to Buffalo, New York, under a shipping contract with the defendant, which transported the horses to Chicago, where they were delivered ₁to another carrier under a new contract to take them to Buffalo, New York.

Statement.

The contract of shipment showed an agreed valuation of one hundred dollars for each horse and nonliability of the defendant above that sum.

The issues presented involved the application of an Act of Congress known as the Hepburn Act, as amended.

There was a judgment in the trial court for $850 in favor of plaintiff, which was duly appealed to the Kansas City Court of Appeals, and affirmed by that court, but certified to this court for final determination for the reason that the Springfield Court of Appeals had construed the amended Hepburn Act in a contrary way in the case of McElvain v. Railroad, 151 Mo. App.

126. [See *Per Curiam* Opinion of Kansas City Court of Appeals on file in this case.]

II. After the creation of the Springfield Court of Appeals, under authority delegated to it by the Constitution, the Legislature by the Act of June 12, 1909 (Laws 1909, p. 396), provided for the transfer of causes by the judges of one court of appeals to another. In pursuance of that act the St. Louis Court of Appeals transferred the case of Mc-. Elvain v. Railroad to the Springfield Court of Appeals, which latter court assumed jurisdiction and rendered a decision therein on November 10, 1910, but certified the case to this court for final determination because of a conflicting decision rendered by the Kansas City Court of Appeals. Thereafter (December 31, 1910) this court in Banc, in a case challenging the jurisdiction of the Springfield Court of Appeals of another case which had been similarly sent to it from the St. Louis Court of Appeals, held that the act of the Legislature authorizing such transfer by the judges of the courts of appeals from one court of appeals to another, was absolutely void and vested no jurisdiction in the Springfield Court of Appeals to hear or decide cases so sent to it. [State ex rel. v. Nixon, 232 Mo. 98.] Thereupon this court transmitted to the St. Louis Court of Appeals the said case of McElvain v. Railroad so that it should exercise the jurisdiction vested in it by the appeal originally taken to that court. This the St. Louis Court of Appeals proceeded to do and rendered a decision and judgment in said cause. [McElvain v. Railroad, 176 Mo. App. 379.]

*Jurisdiction.*

Although the decision of the Springfield Court of Appeals appears in the printed reports (151 Mo. App. 126, supra) it was a simple nullity after the decision of this Court in Banc to the effect that the Springfield Court of Appeals had no power of jurisdiction to decide that case and after this court sent *that case* back to the St. Louis Court of Appeals for final determination. The views expressed by the Springfield Court

of Appeals were not, therefore, an authoritative expression of the law of this State, nor were they a "*previous decision* of that court;" for it had been conclusively adjudged that the Springfield Court of Appeals was not possessed of any jurisdiction whatever in the cause of McElvain v. Railroad, supra. Clearly, therefore, what they wrote upon that subject had none of the qualities of a decision of that case and, at most, reflected the views of the law of the author of the opinion and his associates as to a matter not before them.

It follows that the Kansas City Court of Appeals was not authorized, under the provision of the Constitution relative thereto, to certify the present case to this court and the cause must be retransferred to the Kansas City Court of Appeals for final determination.

The issues presented in this case may now be resolved by the Kansas City Court of Appeals under the guidance of the "last previous decision" of this Court in Banc (June 1, 1915), wherein the construction given to the amended Hepburn Act by the Supreme Court of the United States has been adopted by this court. [Donovan v. Wells, Fargo & Co., 265 Mo. 291.] By applying the doctrine of that case to the issues presented in the present case, the Kansas City Court of Appeals will conform its ruling to the "controlling authority" provided by the Constitution for all cases in all courts of appeals to which it is applicable.

This cause is accordingly retransferred to the Kansas City Court of Appeals. All concur.